Vogel, Defendant in Error, v. Vogel's Administrator, Plaintiff in Error.

1. A stipulation in a marrriage contract to the effect that in case the wife should survive the husband, she should receive from the estate of the husband the sum of $200, is valid; such an instrument is not a testamentary disposition, but creates a legal liability in favor of the wife, and she may bring suit on the same after the decease of her husband, against his representatives.

*Error to St. Louis Court of Common Pleas.*

The case is fully stated in the opinion of the court.
*C. Gibson,* for plaintiff in error.
*Hart & Jecko,* for defendant in error.

Ryland, Judge, delivered the opinion of the court.

This was a suit in the Common Pleas, by Magdalena Vogel against Henry Vogel, as the administrator of the estate of Everhard Vogel, deceased, on the following contract: " This marriage contract, made and entered into on this 16th day of April, 1850, by and between Everhard Vogel and Magdalena Schlesser, both of the county of St. Louis and State of Missouri, witnesseth, that, whereas, said parties are at present desirous to become united in the holy bonds of wedlock ; therefore, for the better understanding of parties, it is mutually hereby agreed between them, as follows, to-wit : First, in case of the demise of party of the first part, Everhard Vogel, prior to party of the second part, Magdalena Schlesser, then and in that case she is to receive from the estate of party of the first

part the sum of two hundred dollars, cash, for her own benefit and behalf forever ; second, in case of the death of party of the second part prior to that of party of the first part, then and in that case all the property, of whatever description, that she now has, or hereafter may have, is to descend to the children of party of second part, by her first husband, Frederick Schlesser." This agreement was signed and sealed by the parties, and witnessed by Joseph Kountz.

The plaintiff sues for the two hundred dollars promised to her in this marriage contract. There was a demurrer by defendant to the petition, which was overruled, and judgment afterwards rendered by default in favor of the plaintiff. The defendant excepted, sued out his writ of error, and brings the case to this court.

The defendant, plaintiff in error, relies upon the following point for a reversal: That this contract is a testamentary disposition, and does not create a legal liability so as to constitute the plaintiff a creditor ; that she should go into the Probate Court and claim as a distributee ; and that this action can not be maintained.

This court will therefore only notice this point. In our opinion this is a valid and subsisting contract, and that a legal obligation is thereby created in favor of the petitioner to demand the sum of money from the estate of her deceased husband. The marriage of the parties did not destroy the petitioner's rights ; her cause of action did not accrue until after the dissolution of the marriage, and the promise to her to have the sum of two hundred dollars from his estate paid to her, authorizes her to sue for it in the court below. In Gage v. Acton, decided in king's bench, in the 11th year of William III, it was held that a bond with a condition, &c., given to a *feme sole*, is not discharged by her marrying the obligor. After several arguments at the bar, the court, consisting of three judges, gave separate opinions, and Gould and Turton, justices, were of opinion that the bond was not destroyed, nor the debt extinguished by the marriage. Holt, chief justice, was

of a contrary opinion. This opinion of Holt's was afterwards mentioned with regret by Lord Kenyon, chief justice, in the case of Milbourn v. Ewart *et al.*, (5 Term Rep. 384): " I can not but lament," said Lord Kenyon, " that he (Holt) had recourse to such flimsy and technical reasonings to enforce a case so directly against law and conscience. " The case of Gage v. Acton is reported by Carthew, at p. 511 ; 1 Salkeld, 325 ; 12 Mod. 290 ; Smith *et ux.*, v. Stafford, Hobart's Rep. 377. In the case of Milbourn v. Ewart *et al.*, 5 Term Rep. 381, the court of king's bench was unanimous in the opinion that a bond conditioned for the payment of money, after the obligor's death, made to a woman in contemplation of the obligor's marrying her, and intended for her benefit, if she should survive, is not released by their marriage. Then why may not the wife, or rather the widow, sue upon such an obligation ? It is not released ; it is still binding, and we are aware of no principle which deprives her of her remedy on such an obligation. The judgment below is affirmed ; the other judges concurring.