GRIFFITH et als *v.* DEWITT, Trustee &c,

TRUST CONSTRUED.— *Wife's trust estate. What it includes.*

By the terms of a marriage settlement a wife's interest in certain real estate was conveyed to a trustee to be used in common by herself and husband during their natural lives, for the support and comfort of themselves and her heirs; to go to her heirs at the death of herself and husband, and at no time to be subject to his control or management, or to the payment of his debts. Upon this estate, a crop of tobacco was raised, principally by the labor of her children by a former husband, and entirely under her direction, the present husband being sick and unable to labor. *Held*: that the crop of tobacco was included in the wife's trust estate, and not liable for the husband's debts.

WRIGHT J. delivered the opinion of the Court :

The tobacco in this case was sold by an officer as the property of Thomas A. Williams, the husband, in satisfaction of his debts, and the question is, whether the sale was legal as against the trustee of the wife and her children?

This tobacco was raised upon a tract of land formerly

owned by Abner Owen, the first husband of Martha Williams, now the wife of said Thomas A. Williams, and at the time of their intermarriage, she had an undivided interest in this land with her children by her first husband. Previous to said intermarriage said Martha and Thomas A. entered into a marriage contract, whereby she conveyed to William M. Dewitt, the plaintiff below, in trust for the sole and separate use and benefit of herself and the lawful heirs of her body, her interest in the tract of land aforesaid, her household and kitchen furniture, one yoke of oxen and cart, two head of horses, all her stock of cattle and sheep, and every species of personal and real estate to her belonging, the said property and effects in nowise to go to the separate control or management of the said Thomas A. Williams, or be subject to the payment of his debts, but the same to be used in common by both of the parties after the marriage for the purpose of their support and comfort during their natural lives, and for the support and comfort of her and her said heirs, and the uses and trusts aforesaid; and at the death of the said parties, the said property and effects, and the interest and profits accruing therefrom, to go alone to her said heirs, and at no time to be subject to the control, management, or debts of the said Thomas A. Williams or his heirs, as herein before set forth.

The sons and daughters of the said Martha, being the children of Abner Owen, and all of whom were minors, principally cultivated, worked and raised the tobacco entirely under the direction, control and management of their mother, and were in no wise directed or controled in the matter by the said Thomas A. Williams, who worked but little in the crop, being sick with the phthisic and unable to labor.

We are of opinion, upon these facts, that the tobacco so raised, vested in the trustee for the uses and trusts named

in the deed and could not legally be taken for the husband's debts.    This deed is strongly worded against the husband. The body and income of the estate are secured in the trustee.    Even the separate and exclusive control and management of the husband are prohibited ; and it seems obvious that the intention was to restrict his beneficial interest to a *mere supprot* out of the fruits of the estate, expressly excluding therefrom his creditors, and that all over and beyond this belongs to the other members of the family, both the estate and profits being in the trustee to satisfy the trust.    The case of Young vs. Jones, 9 Hum. 551, seems to be a clear authority in support of the title of the trustee in the case.

*Judgment affirmed.*