*W. H. Cord, for appellant.*

---

### CALEB CARPENTER'S EXR., ET AL. *v.* CHARLES KEARNS.

[Abstract Kentucky Law Reporter, Vol. 4—825.]

**Right to a Homestead.**

A vendor's lien is superior to the vendee's right to a homestead, but such vendor may waive his lien by taking other security with the intention of making the waiver, and still if the vendee's note is for purchase-money his homestead right yields to it.

**Vendor's Lien Released as Against Creditors.**

Where the vendor releases his lien to enable the vendee to raise money by mortgage to pay on the property sold, while the lien can be enforced as against the vendee, it is effectually waived as against creditors or purchasers.

### APPEAL FROM KENTON CHANCERY COURT.

March 8, 1883.

OPINION BY JUDGE PRYOR:

This controversy involves the right of the appellants to a homestead in the house and lot in controversy. It is conceded that the note for $500 was executed as a part of the consideration for the house and lot, and it is immaterial whether a lien exists or not on the property for the purchase-money. If purchase-money the homestead right is subordinate to the claim of the vendor, and the inquiry will not be made as to whether a lien could or could not be

enforced. The vendor may waive the lien by taking other security with the intention of making the waiver, and still if the note is for the purchase-money the homestead right must yield. The same rule would not apply to the question of dower, still if the lien existed as between the vendor and vendee the widow of the vendee could not assert a right to be endowed. In this case the purpose of releasing the lien was to enable the vendee to raise by mortgage $4,500 to pay on the property sold, and if such was the case the lien between the vendor and the vendee could be enforced, but not as against creditors or purchasers. The doctrine of the common law in regard to such liens is now in force, as the general statutes only deprived the vendor of the lien as against creditors or purchasers in cases where the conveyance failed to state part of the consideration remained unpaid. See Gen. Stat., Ch. 63, Art. 1, Sec. 24. When the lien has been waived as against the vendee the widow is entitled to dower, but on the facts of this case it is not necessary to determine what was the intention of the vendor when executing the release of the lien by an indorsement on the margin of the deed, as it further appears that the vendee died leaving a will by which he made his widow the sole devisee. There is nothing showing that the provisions of the will have been renounced, and therefore she is barred so far as this record shows of both dower and homestead.

Judgment *affirmed*.

*Eginton & Gray*, for appellants.

*O'Hara & Bryan*, for appellee.