Appeal from Special Term, New York County.

Action by William A. Avis and another, as copartners, against Rosa W. Straus, individually, etc., and others. From an order directing the payment to defendant Straus, or her attorneys, of certain moneys, plaintiffs appeal. Affirmed, as modified.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

W. A. Barber, of New York City, for appellant.

W. M. K. Olcott, of New York City, for respondent.

---

(80 Misc. Rep. 447.)

### In re CHURCH'S ESTATE.

(Surrogate's Court, Orleans County. April, 1913.)

TAXATION (§ 895*)—TRANSFER TAX—DEDUCTIONS—DOWER OF WIFE.

Where, after a devise of certain real estate to a stranger to the blood, testator gave all the remainder of his property, real and personal, to his wife in fee simple absolute, and with no declaration that it was to be in lieu of dower, on the appraisal of the estate for the purpose of a transfer tax, the value of the dower in all the real estate of testator should be deducted.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1714–1721; Dec. Dig. § 895.*]

In the matter of the estate of Perry Church. From an order assessing a transfer tax, the state comptroller appeals. Affirmed.

Harold A. Blake, of Albion, for appellant.

Gerald B. Fluhrer, of Albion, for respondent.

DOWNS, S. Perry Church died a resident of the county of Orleans on the 26th day of May, 1912, leaving a last will and testament which was duly admitted to probate on the 22d day of July, 1912. A

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

proceeding was thereafter commenced for the assessment of a transfer tax upon said estate, and upon the report of the appraiser an order was made and entered fixing the transfer tax upon the property of said decedent. The comptroller has appealed from such order upon the ground that the assessment of said tax was erroneous, in that the appraiser in determining and fixing the amount thereof has deducted therefrom the value of the widow's dower in all of the real property of which her husband was seised at the time of his death.

No question is raised upon this appeal as to the rule well recognized that dower does not pass by the will, and is therefore not subject to transfer tax. This principle is clearly enunciated in Adsit v. Adsit, 2 Johns. Ch. 448, 7 Am. Dec. 539; Lewis v. Smith, 9 N. Y. 502, 61 Am. Dec. 706; Tobias v. Ketchum, 32 N. Y. 319; Vernon v. Vernon, 53 N. Y. 351. The appellant contends, however, that in this particular case the terms of the will are inconsistent with a claim of dower, and that the widow must either take under the will or elect to take dower.

The courts of this state in a long line of decisions hold that the right of a widow to dower in her husband's lands is absolute, and that no provision in a will for the benefit of the widow will be deemed to be taken in lieu of dower, unless there be an express declaration to that effect, or unless upon the face of the will there be a clear manifestation of the intent of the testator that the widow shall not take both. Kimbel v. Kimbel, 14 App. Div. 570, 43 N. Y. Supp. 900; Purdy v. Purdy, 18 App. Div. 310, 46 N. Y. Supp. 215; Konvalinka v. Schlegel, 104 N. Y. 125, 9 N. E. 868, 58 Am. Rep. 494. The will of Perry Church, so far as material in this proceeding, is as follows:

"Second. I give, devise and bequeath to Margaret Armour, of the town of Ridgeway, Orleans county, N. Y. the Ridgeway farm consisting of about forty-four acres in the town of Ridgeway, Orleans county, N. Y. and now occupied by said Margaret Armour, and also a farm north of Ridgeway Corners in the town of Ridgeway, Orleans county, N. Y., consisting of about sixty-two acres and known as the Hunt place; the said two places being hereby devised to said Margaret Armour in fee simple absolute.

"Third. I give, devise and bequeath to my wife Rosetta Church, all the rest, residue and remainder of my property, both real and personal, of whatever kind, name or nature, and wherever situate, and not hereinabove devised, in fee simple absolute forever."

There being no express declaration that the provision for the widow shall be in lieu of dower, the only question which presents itself is whether or not the above provisions are inconsistent with a claim of dower, and whether or not the general scheme of the will is defeated if the widow be allowed to take her provision both under the will and dower. In Konvalinka v. Schlegel, supra, the court says:

"The intention of the testator to put the widow to an election cannot be inferred from the extent of the provision, or because she is a devisee under the will for life or in fee. * * * The only sufficient and adequate demonstration which, in the absence of express words, will put the widow to her election, is a clear incompatibility, arising on the face of the will, between a claim of dower and a claim to the benefit given by the will."

Appellant claims that the intent of the testator that his widow shall not claim both the provision and dower is shown by the use of the words "fee simple absolute." I am unable to see the force of any

such contention. I believe the testator, in using the above words, intended to convey all of the estate which he had in the property so devised, and that the words are used merely as descriptive of the tenure of the estate. Section 31 of the Real Property Law (Consol. Laws 1909, c. 50) defines a' fee simple absolute as an estate of inheritance not defeasible or conditional. As used in this will, the effect is to convey the whole of the estate which the testator had in the lands conveyed.

It cannot be claimed that the same words could not have been used, had there been a mortgage upon the two parcels of land devised in the second paragraph, or any other incumbrance. The dower right is a lien, and the wife is entitled to its benefits. The dower right was not the testator's to give, any more than any other incumbrance. Closs v. Eldert, 30 App. Div. 338, 51 N. Y. Supp. 881.

Inasmuch as the terms of this will are consistent with a claim of dower by the widow, the appraiser did not err in deducting the value of such dower in fixing the tax to be assessed. The order should be affirmed.

Order affirmed.·