EURNIE I. WOOD, Appellant, v. CONQUEROR TRUST COMPANY, Administrator of Estate of CHARLES E. WOOD, et al.

Division One, June 30, 1915.

1. **DOWER IN MISSOURI LANDS: Bequest in Lieu of: No Renunciation of Foreign Will.** The statute of the District of Columbia and the statute of Missouri are substantially alike in providing that where property is devised by will to the wife it shall be in lieu of dower, and in declaring that unless she renounces the will within a stated time she shall be deemed to elect to take the property given her by the will and to surrender her statutory dower; and a widow, without children or other descendants, whose husband's will gave her certain real estate in Washington, D. C., and a designated amount of money, who did not renounce the will probated in that city, is not entitled to claim one-half or any other interest in his real estate in Missouri, although she filed with the proper probate court in this State her election not to take under the will, and the will did not expressly say the devise and bequests to her were to be in lieu of dower.

2. ————: **Renunciation of Will as a Whole: Accepting Beneficial Interest Under Will.** One who accepts a beneficial interest under a will thereby adopts the whole will, and renounces every right or claim that is inconsistent with it. If the widow

does not wish to accept as in lieu of dower the devises and be-
quests given her by her husband's will, she must, in order to
successfully claim her statutory dower in Missouri lands, re-
nounce it as a whole, whether he, at the time of his death,
lived in this State or elsewhere, and whether or not the property
devised to her lies within this State or elsewhere. If the hus-
band died in the District of Columbia, leaving a will, probated
there, by which he gave her certain real estate and personal
property, and she accepted that will and those devises and be-
quests, she cannot by subsequently renouncing his will in this
State become entitled to dower in his Missouri lands.

Appeal from Jasper Circuit Court.—*Hon. David
E. Blair,* Judge.

AFFIRMED.

*Henry M. Foote, Frank W. Hackett, George J.
Grayston* and *A. E. Spencer* for appellant.

(1) The right of dower is highly favored in this
State and all doubts are resolved in its favor. Nothing
except a plain mandate of the statute or a statutory
command deduced by necessary implication will suffice
to set dower to one side. Blevins v. Smith, 104 Mo.
588; Donaldson v. Donaldson, 249 Mo. 245; Crisman v.
Linderman, 202 Mo. 614. And the widow's right of
election is regarded with the same favor. Martien v.
Norris, 91 Mo. 465; Brown v. Tucker, 135 Mo. App. 598;
Watson v. Watson, 28 Mo. 300; Bretz v. Matney, 60 Mo.
444; Spratt v. Lawson, 176 Mo. 175; Hamilton v. Jones,
155 Mo. App. 490; Coleman v. Coleman, 122 Mo. App.
715; Branford v. Wolfe, 103 Mo. 391; Keeney v. McVoy,
206 Mo. 42. The wife is entitled to dower in Missouri
lands without regard to whether the parties are resid-
ents or non-residents. Stokes v. O'Fallon, 2 Mo. 32;
Thomas v. Woods, 173 Fed. 585. (2) At common law,
the plaintiff would have been entitled to dower in the
lands in this State. Schorr v. Etling, 124 Mo. 46; Jar-
man on Wills (5 Am. Ed. 1881), pp. 458-471; Birming-
ham v. Kirwan, 2 Schoale and Lefroy, 444; French v.
Davies, 2 Ves., Jr. 577; Havens v. Sackett, 15 N. Y. 365;

Adsit v. Adsit, 2 John. Ch. 457; Larabee v. Van Alstyne, 1 Johns. 307.  (3)  The widow's right to dower in her husband's lands, the time and manner of assigning the same, and the causes by which it may be defeated are all determined by the law of the place where the property subject to dower is located.   Hines v. Hines, 243 Mo. 494; Applegate v. Smith, 31 Mo. 166; Woerner, Adm., sec. 168, p. 378 and sec. 42, p. 77; Roessle v. Roessle, 142 N. Y. Supp. 984; Jennings v. Jennings, 21 Ohio St. 56; Apperson v. Bolton, 29 Ark. 418; Thomas v. Woods, 173 Fed. 585, 97 C. C. A. 535, 26 L. R. A. (N. S.) 1180; Peet v. Peet, 229 Ill. 341; Mort v. Jones, 105 Va. 668; Van Blaricum v. Larson, 130 N. Y. Supp. 925; Carpenter v. Bell, 96 Tenn. 294; United States v. Fox, 94 U. S. 315; Clark v. Clark, 178 U. S. 186.  (4) Under the laws of Missouri plaintiff is entitled to dower in the lands in this State, and her right thereto is not affected by the statutes of the District of Columbia.   Jennings v. Jennings, 21 Ohio St. 56; Apperson v. Bolton, 29 Ark. 418; Rannels v. Rowe, 166 Fed. 425; Roessle v. Roessle, 142 N. Y. Supp. 984; Stagg v. Atkinson, 144 Mass. 564; Clark v. Clark, 178 U. S. 186; Compher v. Compher, 25 Pa. St. 3.  (5)  Secs. 360 and 361, R. S. 1909, should be held to apply only to domestic wills.   Any other construction would be an injustice to the widow to whom devise was made by a foreign will, because probate of the will in this State could not be compelled and therefore the widow would not be given any opportunity to declare her election under section 361.  Jennings v. Jennings, 21 Ohio St. 56; R. S. 1909, secs. 360, 361, 567, 568 and 535.

*James R. Caton* and *Kelsey & Cameron* for respondents.

(1)  Failure to dissent from will within statutory time amounts to an election to take under the will.

Stephens v. Gibbs, 14 Fla. 331; Wilson v. Fridenberg, 21 Fla. 386; Archibald v. Long, 144 Ind. 251; Hastings v. Clifford, 32 Me. 132; Collins v. Carman, 5 Md. 503; Pratt v. Felton, 58 Mass. 174; Brett v. Matney, 60 Mo. 444; Register v. Henssey, 70 Mo. 189; Daugherty v. Barnes, 64 Mo. 159; Waterbery v. Netherlands, 53 Tenn. 512; Noel v. Garnett, 4 Cal. 92; Blunt v. Gee, 5 Cal. 481. Appellant having failed to file her renuciation of the will within the statutory time in the District of Columbia has elected to take under the will. (2) "The doctrine of election as applied to the law of wills simply means that he who takes under a will must conform to all its provisions. He cannot accept a benefit given by the testamentary instrument and evade its burdens. He must either conform to the will or wholly reject and repudiate it." 2 Underhill on Law of Wills, sec. 726, p. 1000; 2 Story, Equity Jurisprudence, sec. 1075; Ball v. Ball, 165 Mo. 312; Graham v. Rosenburgh, 47 Mo. 111. (3) She cannot claim under the will in one State and against it in another. Mary E. Wilber, etc., 52 Wis. 295; Herbert v. Wren, 7 Cranch, 378; In re Bloss Estate, 114 Mich. 204; 11 Am. & Eng. Ency. Law (2 Ed.), p. 113; Apperson v. Bolton, 29 Ark. 429; Washburn v. Van Steenwyk, 32 Minn. 336; Wilson v. Cox, 49 Miss. 538; Garland v. Rowan, 2 Smed. & M. (Miss.) 636; Slaughter v. Garland, 40 Miss. 177; Staigg v. Atkinson, 114 Mass. 564. (4) When the widow has elected to take under the will, she is estopped to claim dower under the law. Washburn v. Van Steenwyk, 32 Minn. 336; Cooke v. Fidelity Co., 104 Ky. 473; Crawford v. Bloss Estate, 114 Mich. 204.

RAILEY, C.—On March 20, 1912, plaintiff filed in the circuit court of Jasper county her petition containing two counts. The second count was thereafter dismissed. Personal service was had on defendant Conqueror Trust Company, as administrator with the will annexed of the estate of Charles E. Wood, de-

ceased, and service was obtained on all the other defendants by publication, in due form and under proper order of the court.

We have adopted appellant's statement of the case, which reads as follows:

"The petition alleges that plaintiff is the owner in fee of an undivided one-fourth of certain real estate therein described, situated in Jasper county, Missouri, and that defendants claim some title, estate or interest therein, adverse to the estate and title of plaintiff, and asks the court to try, ascertain and adjudge the title and interest of plaintiff and defendants, respectively, therein.

"At the time of his death, February 17, 1908, Charles E. Wood was the owner in fee of an undivided one-half of said real estate. He died testate. At the time of making his will, August 27, 1907, and thereafter continuously until his death, he was a resident of and domiciled in the District of Columbia, U. S. A. Plaintiff is his widow and resided with her husband until his death, and has since continued to reside in the District of Columbia.

"The will of Charles E. Wood gives to the widow $35,000 in cash, and also to his trustee $200,000 to be by it invested and the income therefrom paid to the widow in equal quarter annual installments during her natural life, and upon her death the principal thereof to revert to his estate. There was also given to the widow absolutely their residence property in Washington, D. C., and all the household furniture, goods and chattels therein contained. There was also devised to the trustee named in the will two parcels of real estate in Lebanon, Ohio, in trust for the use and benefit of the widow for her natural life, she to receive the rents, issues and profits thereof, with power in her to dispose of the real estate by will. These are the only provisions for the widow made in and by the will. The will then bequeaths to relatives, friends and

former employees various sums of money, aggregating approximately $320,000. The residue of testator's estate is then given to the defendant, American Security & Trust Company, in trust for the use and benefit of the J. G. Kellogg Sanitarium, of Battle Creek, Michigan, the same to be used by the trustee, under the direction of the beneficiary, in the erection and maintenance of a sanitarium at or near Atlantic City, New Jersey. The trustee and beneficiaries under the will are made defendants herein.

"On May 28, 1908, this will was duly probated in the District of Columbia, and administration then and there duly granted on the estate of deceased. A duly authenticated copy of said will and of the original probate thereof was duly filed, recorded and probated in the probate court of Jasper county, Missouri, on March 15, 1911, and the same, together with probate thereof, was on March 18, 1911, recorded in the recorder's office in said Jasper county.

"Said Charles E. Wood died without issue or the descendants of issue surviving him capable of inheriting. Defendant, Conqueror Trust Company, was appointed administrator with the will annexed by the probate court of said Jasper county, and thereafter on July 22, 1911, served upon the plaintiff notice that the real estate above mentioned was included in its inventory filed in the matter of the estate of said deceased, and of the provisions of sections 345, 351, 352, 353, 355, 360 and 361 of the Revised Statutes of Missouri for 1909. On September 9, 1911, the plaintiff filed in the probate court of said Jasper county her certificate of election to take under section 351 of said Revised Statutes, her dower in said real estate absolutely, subject to the payment of the debts of deceased, and declared that she would not accept the provisions made for her in said will in lieu of her dower interest in said real estate under the provisions of said section. Said certificate of election appears in the printed record,

and was duly recorded in the office of the recorder of deeds, in said Jasper county, September 9, 1911.

"At all times from and after the date of the execution of said will, the statute or code law of the District of Columbia relating to wills and the interpretation thereof, the widow's dower rights and election or renunciation rights relating thereto, were embodied in the sections appearing in the printed record, and were substantially as follows:

"Every devise of land or any estate therein, or bequest of personal estate to the wife of the testator, shall be construed to be intended in bar of her dower in lands or share of the personal estate, respectively, unless it be otherwise expressed in the will.

"A widow shall be barred of her right of dower in the land by any such devise or bequest, unless within six months after administration granted on her husband's estate she file a written renunciation. By renouncing all claim to a bequest of personal property made her by the will of her husband she shall be entitled to one-third part of his personal estate which shall remain after payment of his debts.

"If the will devise and bequeath a part of both real and personal estate to the wife, she shall renounce the whole or be otherwise barred of her right to both real and personal estate.

"If the will devise only a part of the real estate, or bequeath only a part of the personal estate, the devise or bequest shall bar her of only the real or personal estate, as the case may require; provided, if the devise of both or either be expressly in lieu of her legal share of one or both, she shall accordingly be barred unless she renounce as aforesaid.

"Plaintiff never at any time filed in any court in the District of Columbia a written renunciation of her rights under said will, or any election to take under the law in lieu of the provisions of said will. She has received and holds and enjoys all the provisions of said

will in her behalf, to-wit, the homestead in Washington with all furniture, etc., $35,000 in cash, and the income from the trust fund of $200,000 and from the Lebanon, Ohio, real estate.

"As between the plaintiff and all defendants who appeared in answer the facts are admitted, and as against the defendants not answering, full proof was made. The only question is whether, under the undisputed facts, plaintiff is the owner of an undivided one-fourth interest in the real estate, being one-half of the interest owned by her husband at the time of his death, subject to the payment of his debts, or whether the provisions of the will in her behalf under the conditions stated, deprive her of her right of dower in Missouri, and require her to elect in what form she will take her dower, under our statutes."

The real purpose of this action is to recover dower in the real estate located at Joplin, Missouri, described in the petition. On August 27, 1907, plaintiff's husband, Charles E. Wood, while a resident of the District of Columbia, made a will, in which he gave to plaintiff $35,000 in cash, and also to his trustee $200,000 to be by it invested and the income paid to plaintiff during her life. There was also given to plaintiff absolutely their residence property, located in Washington, D. C., with all the household furniture, goods and chattels therein contained. There was also devised to the American Security & Trust Company, trustee named in said will, two parcels of real estate in Lebanon, Ohio, in trust for the use and benefit of plaintiff, for her natural life, she to receive the rents, issues and profits thereof, with power in her to dispose of said property by will.

The foregoing are the only provisions made for plaintiff in said will. Testator died, while a resident of Washington, D. C., on February 17, 1908, without issue, or the descendants of issue surviving him capable

of inheriting. No real or personal property, in this State, was given to plaintiff, by said will.

She filed her election on September 9, 1911, in the probate court of Jasper county, Missouri, electing to take one-half of the real estate of her said husband in this State, under section 351, Revised Statutes 1909. Said written election also contains the following:

"*And I, the said widow, do hereby further declare,* under section 361 of said statutes, that I will not accept the provisions made for me in the said will of my late husband in lieu of my right of dower herein claimed under the provisions of said section 351 of said statutes."

On May 8, 1908, said will was duly probated in the District of Columbia, and administration duly granted there on the estate of deceased. On March 15, 1911, a duly authenticated copy of said will and of the original probate thereof, were duly filed, recorded and probated in the probate court of Jasper county, Missouri, and on March 18, 1911, was recorded in the recorder's office of said county.

Plaintiff never at any time filed in any court in the District of Columbia a written renunciation of her rights under said will, or any election to take under the law in lieu of the provisions of said will. She has received, holds and enjoys all the provisions of said will in her behalf, to-wit, the homestead in Washington with all furniture, etc., $35,000 in cash, and the income from the trust fund of $200,000 and from the Lebanon, Ohio, real estate.

It is contended by plaintiff that she can hold that which was given her under the will in the District of Columbia and in the State of Ohio, repudiate the will in Missouri, and hold as her dower one-fourth of the real estate in Missouri, under section 351, Revised Statutes 1909, subject to the payment of decedent's debts.

On the other hand, defendants contend that as plaintiff received the full benefit of the property mentioned in the will, intended for her, in 1908, and has continued in the enjoyment of same since said date, she is now estopped from claiming an interest in the Missouri land described in the petition.

Sections 350 and 351, Revised Statutes 1909, read as follows:

Section 350: "When a wife shall die without any child or other descendants in being capable of inheriting, her widower shall be entitled to one-half of the real and personal estate belonging to the wife at the time of her death, absolutely, subject to the payment of the wife's debts."

Section 351: "When the husband shall die without any child or other descendants in being, capable of inheriting, his widow shall be entitled: . . . second, to one-half the real and personal estate belonging to the husband at the time of his death, absolutely, subject to the payment of the husband's debts."

On June 1, 1915, WOODSON, J., of Division One, handed down an opinion in the case of C. Purdy Lindsley, Appellant, v. Mabel Patterson et al., Respondents, in case numbered 17,283, brought here by appeal from the St. Louis Circuit Court, in which he has very clearly and forcefully sustained the contention of respondents in this case.

In the above case, it appears that Mrs. Lindsley died July 19, 1908, testate in the State of Connecticut, where she died and the plaintiff then lived. The devisees mentioned in said will were deceased's brothers and sisters and their children, her husband, the plaintiff, and Mabel Patterson, an alleged adopted daughter. The will mentioned in the above case was executed at New Haven, Connecticut. Plaintiff was appointed

one of the executors in his wife's will supra, qualified as such under the laws of Connecticut, and Fred G. Ziebig, the other executor, qualified under the laws of this State. The will was probated in Connecticut, and a copy of same in due form was filed in the office of the probate court of St. Louis, Missouri. Plaintiff was one of the principal beneficiaries under his wife's will. The Connecticut law on this subject reads as follows: Section 391, Revised Statutes of Connecticut, 1902: "On the death of a husband or wife, married on or after the twentieth of April, 1877, the survivor, except in cases mentioned in the proviso to this section, shall be entitled to the use, for life, of one-third in value of all the property, real and personal, legally or equitably owned by the other at the time of his or her death, after the payment of all debts and charges against the estate; such third to be set out by distributors appointed by the court of probate, in any property, real or personal or both, according to the judgment of such distributors. The right to such third shall not be defeated by any disposition of the property, by will, to other parties; but where there is no will, the survivor shall take such third absolutely, and if there are no children of the decedent or representatives of children, the survivor shall take all of the estate of the decedent absolutely to the extent of two thousand dollars and one-half absolutely of the remainder of said estate. Where the husband has, by will, devised or bequeathed a portion of his property to his surviving wife, or where the wife, by will, has devised or bequeathed a portion of her property to her surviving husband, such provision shall be taken to be in lieu of the share herein provided for, unless the contrary shall be expressly stated in the will, or shall clearly appear therein; but in any such case the party shall have his or her election whether to accept the provision of such will or take such statutory share, and such election shall be made in writing signed by

the party entitled to make the same, and lodged with the court of probate, before which such estate is in settlement, within two months after the expiration of the time limited for the exhibition of claims against said estate; and if not so made. such person shall be taken to have accepted the provisions of the will, and shall be debarred of said statutory share.''

Plaintiff accepted the provisions of the will, in respect to the property situate in Connecticut, and administered the estate there located according to the laws thereof. He accepted and continued to enjoy the bequests given to him by the will, and disbursed the bequests which were given to the other devisees by the will. But when it came to the Missouri real estate left by his wife, he formally renounced the will and elected to take one-half of his wife's real estate, in Missouri, absolutely in fee, as provided by section 350, heretofore set out. His renunciation was filed here in time. After reviewing the facts and law of the case fully, Judge WOODSON concluded his opinion on this subject, in which all the judges of this division concurred, as follows:

''We are, therefore, of the opinion that the plaintiff having accepted the bequests given to him by the will, as regards the Connecticut property, will not be allowed to repudiate it in this State and elect to take one-half of the estate as his absolute property under section 350, Revised Statutes 1909.''

The construction placed upon section 351, Revised Statutes 1909, in the above case is equally as applicable to section 350 of said article. Unless there is some provision in the District of Columbia law which takes it out of the rule announced in the foregoing case, we have no disposition to disturb the conclusion reached in the latter.

Sections 1172, 1173 and 1176 of the District of Columbia statute relating to this subject read as follows:

"Sec. 1172. Every devise of land or of any estate therein, or bequest of personal estate to the wife of the testator, shall be construed to be intended in bar of her dower in lands or share of the personal estate, respectively, unless it be otherwise expressed in the will.

"Sec. 1173. A widow shall be barred of her right of dower in land or share in the personal estate by any such devise or bequest, unless within six months after administration may be granted on her husband's estate she shall file in the probate court a written renunciation to the following effect," etc.

"Sec. 1176. If, in fact, nothing shall pass by such devise, she shall not be thereby barred, whether she shall or shall not renounce as aforesaid, it being the intent hereof that a widow accepting or abiding by a devise in lieu of her legal right, shall be considered a purchaser with a fair consideration."

These sections are plain, unambiguous, and clearly bring the case within the rule laid down in the Lindsley case, supra.

II. Appellant contends that her rights in respect to the Joplin real estate should be determined under the Missouri statutes, without any reference to the laws of the District of Columbia. It is then insisted in her behalf that as she renounced the will in this State, as provided in section 360, Revised Statutes 1909 of Missouri, she is entitled to take the undivided one-half of her husband's interest in the Joplin real estate, absolutely, subject to the payment of her husband's debts.

Section 360, Revised Statutes 1909, and section 1172 of the District of Columbia statute, placed in juxtaposition, read as follows:

*Foreign Will: No Renunciation: Dower in Missouri Lands.*

Section 360: "If any testator shall, by will, pass any real estate to his wife, such devise shall be in lieu of dower out of the real estate of her husband whereof he died seized, or in which he had an interest at the time of his death, unless the testator, by his will, otherwise declared."

Section 1172 (D. C.): "Every devise of land or of any interest therein, or bequest of personal estate to the wife of the testator, shall be construed to be intended in bar of her dower in lands or share of the personal estate, respectively, unless it be otherwise expressed in the will."

The will in controversy contains no language tending to show that the bequests to plaintiff in the above will were not intended to be in lieu of dower. Section 1173 of the District of Columbia statute required plaintiff to file her written renunciation of said will in the probate court of said district, within six months after the administration was granted on her husband's estate. It is conceded that no renunciation of the will was ever filed in the District of Columbia. It stands conceded therefore as a matter of law, that the testator, Charles E. Wood, in the execution of his will, *intended* that the real and personal property given plaintiff by said instrument should be in lieu of dower in all of his real estate situate in this State.

Section 583, Revised Statutes of Missouri of 1909, provides that:

"All courts and others concerned in the execution of last wills shall have due regard to the directions of the will, and the true intent and meaning of the testator, in all matters brought before them."

Appellant, having accepted and since enjoyed the property given to her by the will—without having filed in the District of Columbia any renunciation of the provisions of said will—has no standing in court,

when her rights are considered under the laws of said District.

III.  Plaintiff, having failed to file in the District of Columbia a written renunciation of the provisions of the will in her behalf, could not hold on to the money and other property received by her under the ·will, and repudiate that portion of the will covering the Missouri land, by simply filing in the probate court of Jasper county, Missouri, her written declaration that she claimed dower in the Missouri land under section 351, Revised Statutes 1909.

**Will Accepted in Part and Renounced in Part.**

It is a fundamental principle of law that one who accepts a beneficial interest under a will thereby adopts the whole will, and renounces every right or claim that is inconsistent with the will.  This is a principle of universal application, and it extends so far that, when a testator in his will disposes of property which belongs to a third party, and at the same time makes provision for that third party in his will, the party whose property is so wrongfully disposed of cannot accept the provision made for her in the will, without allowing *her* property to be disposed of as the will provides. [Lindsley v. Patterson (not to be reported) ; Hines v. Hines, 243 Mo. l. c. 497; Tower v. Improvement Co., 192 Mo. l. c. 393-4; Stone v. Cook, 179 Mo. l. c. 540 et seq.; Fox v. Windes, 127 Mo. l. c. 511 and following; Schorr v. Etling, 124 Mo. l. c. 47-8; Pemberton v. Pemberton, 29 Mo. l. c. 414; Beavers v. Bank, 177 Mo. App. l. c. 105-6; Cobb v. Macfarland, 87 Neb. l. c. 411; Utermehle v. Norment, 197 U. S. l. c. 57, and cases cited; Knut's Guardian v. Knut, 162 Ky. 398; Brossenne v. Schmitt, 91 Ky. 465; Bains v. Bank, 136 Ky. l. c. 335; DeVitto v. Harvey, 262 Ill. l. c. 71, and cases cited; Fry v. Morrison, 159 Ill. l. c. 252; Knox v. Laird, 92 Ga. l. c. 129; Jennings v. Jennings, 21 Ohio St. l. c. 79; Beetson v. Stoops, 186 N. Y. 456; Lee v.

Tower, 124 N. Y. 370; Isler v. Isler, Exr., 88 N. C. 581; Fisher v. Boyce, 81 Md. 46; Matthews v. Thompson, 186 Mass. l. c. 24; Watson v. Watson, 128 Mass. l. c. 154-5, and cases cited; Cunningham's Estate, 137 Pa. St. l. c. 627-8; Re Wells' Est. v. C. Church, 63 Vt. l. c. 119-20; Wiley v. Ball, 72 W. Va. l. c. 687; Tolley v. Poteet, 62 W. Va. l. c. 245; Apperson, Exr., v. Bolton, 29 Ark. l. c. 429-30; Asche v. Asche, 113 N. Y. 232, 235; Matter of Gorden, 172 N. Y. 25; Washburn v. Van Steenwyk, 32 Minn. 336; Wilson v. Cox, 49 Miss. l. c. 544; Jones v. Gerock, 59 N. C. 190; In re Bloss's Estate, 114 Mich. 204; Rutherford v. Mayo, 76 Va. 117.] Many other similar cases can be found in almost every State of the Union.

The District of Columbia statute and our own law upon the same subject are substantially alike in providing that where real estate is devised by will to the wife it shall be construed to be in lieu of dower. If her rights be determined under either the law of Missouri or that of the District of Columbia, it required her to renounce the will as a *whole,* if she saw fit to take that which the statute gives, in lieu of the provisions contained in the will. Plaintiff, having accepted and still holding the money and property given to her by the will, is not entitled to any portion of the real estate described in the petition.

IV. The will under consideration shows on its face that testator made ample provision for his wife, and provided that her *interests* in his property were to **Gifts in Lieu of Dower.** be fully protected, and considered *paramount* to those of all others. He made various bequests to his friends and relatives. He declared in the will that it was his intention to have it operate upon all property, real, personal and mixed, of which he might be seized and possessed at the date of his death, as well as that which he owned at the time of executing said will. He authorized and em-

powered his executor, in its discretion, to sell any part or *all* of his *real* or personal property, at either public or private sale, as it might deem best. He recited that the power and authority to sell included all property, real, personal or mixed, of which he might die seized or possessed, except that willed to his wife and other legatees. He then recites in the will that: "I give and bequeath to my trustee hereinafter named, the rest and residue of my estate, after the payment in full of all legacies hereinbefore provided for."

He thereupon named the American Security & Trust Company, a business corporation of Washington, D. C., as sole executor of said will and trustee thereunder, with full power to carry out the provisions of the several trusts set forth and declared, authorizing and empowering said trustee, in its discretion, *to sell any and all of his real estate, except that granted and devised specifically,* to convey the same to the purchaser or purchasers thereof, and to make, execute and deliver all deeds, conveyances and transfers of the same, without the intervention or order of any court.

The will provides that after the legacies are taken care of, the balance of his estate shall pass to said trustee for the purpose of erecting and maintaining a sanitarium at or near Atlantic City, New Jersey. Subject to the payment of the specific legacies, the Missouri land in controversy here was conveyed to said trustee, and authority given it to sell said real estate and use the proceeds thereof in the erection and maintenance of said sanitarium.

The plaintiff, therefore, occupies the position of claiming and having received, $35,000 in cash, the income from the trust fund of $200,000, the homestead in Washington, D. C., and the income from the real estate at Lebanon, Ohio, and is now seeking to appropriate one-half of her husband's interest in the Missouri land, which he conveyed to said trustee by the

terms of the will for the purpose of building and maintaining said sanitarium. She is attempting to hold this interest through a written renunciation and repudiation of the will so far as the Missouri real estate is concerned, but still claiming under the will as to the other property conveyed to her by said instrument. Under the authorities heretofore cited, she cannot be permitted to occupy this inconsistent position. She had already made her election to claim under the will, in contemplation of law, before she undertook to repudiate a part of said instrument, by electing to take a one-fourth interest in the Jasper county land, under section 351, Revised Statutes 1909.

As held by Judge WOODSON in the Lindsley-Patterson case supra, if she desired to take a dower interest in her husband's Missouri lands, she should have filed a timely renunciation of the will as a whole, in the probate court of the District of Columbia. She failed to renounce the will as a whole; is still claiming valuable property rights thereunder, and hence is not entitled to recover any part of the real estate in controversy.

V. Upon a full consideration of the whole case, we are of the opinion that appellant is not entitled to dower in the real estate described in the petition.

The judgment below is accordingly affirmed. *Brown, C.,* concurs.

PER CURIAM—The foregoing opinion of RAILEY, C., is adopted as the opinion of the court. All the judges concur.