**TITLE GUARANTEE & TRUST CO. et al. v. EDWARDS, Collector of Internal Revenue.**

(District Court, S. D. New York. February 14, 1922.)

1. **Courts** ⬤➾91(1)—**District Court must follow express holding of Supreme Court.**
Whatever be the nature or incidence of the New York transfer tax, the Supreme Court having expressly held that it cannot be deducted in computing the taxable estate on which the federal estate tax is to be computed, a District Court is bound to follow such decision.

2. **Internal revenue** ⬤➾8—**Value of dower right not deducted in computing tax, when property given in lieu of dower.**
When property is devised or bequeathed in lieu of dower, value of the widow's dower right cannot be deducted in computing the federal estate tax, under federal Estate Tax Law, § 203 (Comp. St. § 6336½d).

At Law. Action by the Title Guarantee & Trust Company and another, as executors of Joseph W. Teets, deceased, against William H. Edwards, Collector of Internal Revenue of the United States for the Second District. On motion by each party for a directed verdict. Verdict directed for defendant.

Francis J. McLoughlin, of New York City (James F. Brady, of New York City, of counsel), for plaintiffs.

William Hayward, U. S. Atty., of New York City (Richard S. Holmes, of New York City, and H. M. Darling, of Washington, D. C., of counsel), for defendant.

AUGUSTUS N. HAND, District Judge. This is an action brought by the executors of Joseph W. Teets to recover a federal estate tax assessed against the estate of the decedent and collected by the defendant, the collector of internal revenue. Each side has moved for the direction of a verdict—the plaintiffs (1) for the full amount of the tax on the ground that the estate tax law is unconstitutional; (2) for the amount of the federal estate tax computed upon the state inheritance taxes paid by the executors, which plaintiffs contend should have been deducted in computing the value of the estate for the purpose of measuring the federal tax; (3) for the amount of tax collected upon the value of the widow's dower in decedent's realty, which was included by the commissioner in the value of the gross estate. The provisions in the will for the benefit of the widow are in terms made "in lieu and bar of dower and thirds in my estate."

[1] The recent decision of the Supreme Court in New York Trust Company et al., as executors, v. Mark Eisner, 256 U. S. 345, 41 Sup. Ct. 506, 65 L. Ed. 963, 16 A. L. R. 660, decided May 16, 1921, expressly held that the federal Estate Tax Act was constitutional, and that by it a deduction of the New York transfer tax should not be allowed in computing the estate taxable under the federal act. Plaintiffs' counsel seeks to distinguish this case on the ground that Justice Holmes, who wrote the opinion of the court, proceeded upon an erroneous theory in holding that the New York transfer tax was not a charge affecting "the whole estate." Section 203 of the federal Estate Tax Law (Comp. St. § 6336½d) defines as the taxable net estate the gross estate less various deductions and "such other charges against the estate as are allowed by the laws of the jurisdiction, whether within or without the United States, under which the estate is being administered. * * *" The Supreme Court affirmed the decision of Judge Mack, who said in his opinion:

"Estate taxes or probate duties levied by the state would fall within this clause. Northern Trust Co. v. Lederer (D. C.) 257 Fed. 812. But taxes levied on the shares to be received by beneficiaries, reducing, not the estate, but the individual's share, cannot be deemed a charge upon the estate merely because the duty, with the corresponding liability and right to account in respect thereto in his estate accounts, is imposed upon the executor or administrator to pay the tax before distributing the share itself. The nature of the tax, as a succession, not an estate, tax, remains unchanged, despite the additional obligation thus imposed. * * *" 263 Fed. 620.

Neither Judge Mack nor, I believe, Justice Holmes necessarily intended to hold that the tax was a tax upon the privilege of the legatee to receive his legacy. Mr. Justice Holmes and Judge Mack, as well as the Circuit Court of Appeals in the case of Prentiss v. Eisner (C. C. A.) 267 Fed. 16, spoke of the New York transfer tax as a succession tax, but the Circuit Court of Appeals in Prentiss v. Eisner especially defined this tax as upon the privilege of decedent to dispose of his property to legatees mentioned in his will respectively. In the court below I had refused to allow the tax as a deduction from the legatee's income taxes, but without passing upon its precise nature. These various cases can be reconciled only upon the theory that the New York transfer taxes are not a charge upon the estate as a whole, but upon the particular gifts by the testator. These imposts are at different rates, depending on the relation of the beneficiary to the testator, and in some cases, where religious or charitable gifts are involved, no tax is exacted. But, whatever be the nature or the incidence of the tax, the Supreme Court in the case of New York Trust Co. et al., as executor, v. Eisner, supra, has expressly passed upon the question whether it can be deducted in computing the taxable estate, and has held adversely to plaintiff's contention, and I am bound to follow this decision.

[2] As to the question whether the value of the widow's dower in decedent's realty should be deducted in computing the taxable estate, I am quite clear that the plaintiffs have made no case. The decisions of the New York courts as to the effect of the New York Transfer Tax Act (Consol. Laws, c. 60, §§ 220–245) are uniform, and hold that

a devise or bequest in lieu of dower cannot be diminished for purposes of taxation by the value of the widow's dower right. Matter of Riemann's Estate 42 Misc. Rep. 648, 87 N. Y. Supp. 731; Matter of Barbey's Estate (N. Y. Sur.) 114 N. Y. Sup. 725; Matter of Stuyvesant's Estate, 72 Misc. Rep. 295, 131 N. Y. Supp. 197; Matter of Church's Estate, 80 Misc. Rep. 447, 142 N. Y. Supp. 284.

I think the argument of counsel for the defendant is sound that, if the New York Transfer Tax Act, which lays the tax on the value of the property passing to the beneficiary, does not allow a deduction of her dower right, such deduction cannot be properly made under the federal Estate Tax Act, where taxation is based upon the estate which the defendant parts with. A legacy in lieu of dower, after election, resembles a residuary gift which becomes operative or is augmented by the refusal of a specific legatee to take, in the latter case, as was held in Matter of Wolfe's Estate, 89 App. Div. 349, 85 N. Y. Supp. 949, affirmed 179 N. Y. 599, 72 N. E. 1152, the tax is upon the amount received by the residuary legatee after the refusal of the specific legatee to take.

For the foregoing reasons, a verdict should be directed for the defendant.