*640 OPINION.
Littleton :
It is insisted upon behalf of the executors that the amount of $75,000 constituted a debt of the decedent and such a claim against the estate of the decedent as is allowable by the law of Missouri.
Section 403 (a) (1) of the Kevenue Act of 1921 provides that for the purpose of the tax the value of the net estate shall be determined by deducting from the value of the gross estate “ Such amounts for * * * claims against the estate, * * * as are allowed by the laws of the jurisdiction, * * * under which the estate is being administered.”
The case of Vogel v. Vogel's Administrator, 22 Mo. 161, is relied upon by the executors. That case involved an antenuptial contract providing that in case the wife survived her husband she should receive a specific sum from the husband’s estate. After his death there was action by the widow against the administrators to recover the sum so provided, and the court said:
The plaintiff sues for the two hundred dollars promised to her in this marriage contract. There was a demurrer by defendant to the petition, which was overruled, and judgment afterwards rendered by default in favor of the plaintiff. The defendant excepted, sued out of his writ of error and brings the case to this court.
The defendant, plaintiff in error, relies upon the following point for a reversal: That this contract is a testamentary disposition and does not create a legal liability so as to constitute the plaintiff a creditor; that she should go into the Probate Court and claim as a distributee, and that this action cannot be maintained.
This Court will, therefore, only notice this point. In our opinion this is a valid and subsisting contract, and that a legal obligation is thereby created in favor of the petitioner to demand the sum of money from the estate of her deceased husband.
The executors also rely upon the case of Baker, 83 App. Div. 530, affirmed 178 N. Y. 575. In that case the court considered an ante-nuptial contract providing for the payment of a fixed sum to the wife, if she survived her husband, in lieu of dower and other rights. Upon the death of her husband she received payment from the estate of the amount provided in the contract and the question was *641 whether such amount was subject to the transfer tax imposed upon transfers of property by will or succession and transfers made in contemplation of death or intended to take effect in possession or enjoyment at or after death. The husband died intestate and it was held that the amount received by the widow was in payment of an obligation created by contract and not in succession to the decedent and, therefore, not subject to the transfer tax. The court said:
It will doubtless be conceded that the respondent’s claim is not one which is dependent for its validity upon n deed or grant of any kind, and, furthermore, that it is not testamentary in its character, although it did not become due and payable until after the death of her husband. It was simply the outgrowth of a contract entered into between the decedent and the claimant, which was founded upon a perfectly good and valuable consideration, and one which is regarded with favor by the law, and will generally be enforced in accordance with the intention of the parties (Johnston v. Spicer, 107 N. Y. 185; Peck v. Vandemark, 99 N. Y. 29; White v. White, 20 App. Div. 560). It would seem to follow, therefore, that a claim arising from such a source is in the nature of a debt against the estate, and as such enforceable like any other debt (Hegeman v. Moon, 131 N. Y. 462; Warner v. Warner, 18 Abb. N. C. 151), and, if this is its character, we do not see why it should be subject to taxation under the Transfer Tax Law any more than, if it were a debt represented by a bond or note. The tax imposed by the statute in question is a tax on the right of succession and not on thé property itself (Matter of Dows, 167 N. Y. 227) ; and “ a payment of an obligation dependent upon a valuable consideration is not a succession in any sense.”
The executors also cited In re Vanderbilt’s Estate, 184 App. Div. 661, affd. 226 N. Y. 638. In this case the court again had before it an antenuptial contract providing—
In the case at bar, Mrs. Vanderbilt’s right to receive these securities did not grow out of the will; its source was in the antenuptial agreement, and the obligation could have been enforced against the estate had there been no will. It rested upon a valuable consideration, which was executed by the marriage. The mere fact that the method of payment and satisfaction of the obligation was directed by the will did not change the inherent character of the obligation.
In Hill v. Treasurer and Receiver General (Mass.), 116 N. E. 509, an antenuptial contract provided that the wife should have out of the estate of the husband in the event she survived him the sum of $250,000 in full .discharge of all dower and other rights as a debt of the estate. The will of the deceased husband directed that this amount be paid to her, but provided that she might take securities of equal value. The Supreme Court of Massachusetts held that the securities of this amount transferred to the widow in accordance with the will, were subject to the transfer tax imposed by Statutes of 1909, ch. 490, part IY, sec. 1. The tax imposed by such statute was similar in kind to that involved in the New York cases mentioned. The court held that the securities received by the widow *642 were received by her under the will and were, therefore, subject to the transfer tax. The court said, however:
We are of opinion that by force of the antenuptial agreement Mrs. Hill became a creditor of the estate. That agreement was in terms that she should receive from his estate the sum of two hundred and fifty thousand dollars “ as a debt against his estate.” If Mrs. Hill had asked for and received from the executors of her husband’s will two hundred and fifty thousand dollars in cash, no inheritance tax could have been imposed upon the sum so paid. For a decision to that effect see Matter of Baker, 178 N. Y. 575, affirming 83 App. Div. 530, on opinion below.
* * * The inheritance tax law of the Commonwealth (St. 1909; C. 490, Pt. IV, Sec. 1) applies to all cases where property or an interest therein passes by will.
The conclusion of the court in the above case appears to have been based somewhat upon the fact that the manner of payment was provided by will.
The foregoing decisions involve the question whether amounts received under an antenuptial contract were subject to tax as transfers of property by will or succession. There was no alternative provision in the will and the case did not involve an election of the widow to take under the will in lieu of the contract. We think they are not authority for tlie allowance of the deduction here claimed.
Had Mrs. Eisenstadt elected to take only the $75,000 provided in the antenuptial contract and nothing more, we think there could be no question but that the amount would have been a proper deduction from the gross estate as a claim against the estate; however, she did not do this. She chose to take the bequest of $250,000 in trust, thereby completely relinquishing whatever claim she had to the estate by the marriage agreement. She became a beneficiary of the estate instead of a creditor. In view of these circumstances it should not be held that the bequest in trust, to the extent of $75,000 thereof, was a claim against the estate. We have found no provisions in the statutes of Missouri, nor any decisions of the Missouri courts to the effect that when an election, such as we have here, is made the amount provided in contract is a claim or charge against the estate. We are of the opinion that had the case of Vogel v. Vogel's Administrator, supra, relied upon by the executors involved a state of facts such as we have here, the court would have held the amount received under the will subject to the transfer or succession tax.
In Wood v. Conqueror Trust Co., 265 Mo. 511; 178 S. W. 201, the Supreme Court of Missouri said:
It is a fundamental principle of law that one who accepts a beneficial interest under a will, thereby adopts the whole will and renounces every right or claim that is inconsistent with the will.
Since Mrs. Eisenstadt elected to take under the will as any other legatee, she expressly waived any claim she might have had as a *643 creditor of the estate by virtue of the antenuptial contract. By reason of the provisions of the will it was necessary for her to decide whether she would take under its provisions or under the contract. When she decided to take under the will the contract no longer constituted a claim against the estate, nor would it have been allowed as a claim against the estate in the administration thereof.
In Randolph v. Craig, 267 Fed. 993, the court held that under section 204 of the Revenue Act of 1916 the value of the widow’s dower was a proper deduction from the gross estate of the husband under the local laws. Subsequently, in Title Guaranty & Trust Co. v. Edwards, 290 Fed. 617, the court had before it a will in which the decedent had made certain provisions for the widow expressly in lieu and in bar of dower and thirds in the estate. The court held that the devise or bequest in lieu of dower was subject to the estate tax under the provisions of the Revenue Act of 1916 and could not be diminished by the value of the widow’s dower and other rights. The question here involved is in principle the same as that of the Title Guaranty & Trust Co. v. Edwards, supra.
In Briscoe v. Craig, decided June 20, 1927, the District Court for the Eastern District of Tennessee held that a widow, when she takes under the provisions of her husband’s will and enters into an agreement with the executors and trustees of his estate whereby she receives a lump sum of $75,000 based upon what she might have received as dower had she dissented from the will, such payment is not deductible from the gross estate of .the husband for the purpose of the estate tax for the reason that the widow did not dissent from the will and take dower instead of the sum agreed upon.
The Board is of the opinion that the estate was not entitled to a deduction of $75,000 and the Commissioner is therefore affirmed.
Reviewed by the Board.

Judgment will be entered for the respondent.