## SCHUETTE v. BOWERS, Collector of Internal Revenue.

District Court, S. D. New York.   January 30, 1929.

'Sullivan & Donovan, of New York City, for plaintiff.

Charles H. Tuttle, U. S. Atty., of New York City (Edward Feldman, Asst. U. S. Atty., of New York City, of counsel), for defendant.

FRANK J. COLEMAN, District Judge. The sole question presented is whether the federal estate tax should have been reduced because of the existence of the widow's dower rights. The testator, Harry S. Harkness, died on January 23, 1919, leaving a will in which, after directing the payment of his debts, he gave his entire estate, real and personal, to his widow, who has since qualified as executrix and is the present plaintiff. A part of the real estate, valued at $218,333, was located in Kentucky, and another part, valued at $13,065, was located in Ohio. Under the statutes of both these states the widow had a dower right, for which the treasury Department refused to make any deduc-

tion in fixing the amount of the tax. It was stipulated that, if an allowance should have been made for these dower interests, the tax paid was $10,396.73 in excess of what it should have been, and judgment should be granted to the plaintiff in that sum.

Under the present law, as embodied in the Revenue Act of 1918, which became effective on February 24, 1919, about a month after the testator's death, this question could not arise, because that act expressly provides that there shall be no deduction on account of the existence of dower rights. The statute in effect at the time of this testator's death (Revenue Act of 1916), which governs this decision, made no mention of dower rights, but provided in section 202 (39 Stat. 756):

"That the value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated:

"(a) To the extent of the interest therein of the decedent at the time of his death which after his death is subject to the payment of the charges against his estate and the expenses of its administration and is subject to distribution as part of his estate."

This provision has been held to require a deduction from the value of the real property equal to the value of the widow's dower, because the latter does not pass by succession at the husband's death. Randolph v. Craig (D. C.) 267 F. 993. It has, however, been held by Judge A. N. Hand, sitting as a District Judge, that, even though there may have been dower rights at the time of the testator's death, if the widow thereafter waives them, no deduction from the value of the property is proper under this section. Title Guarantee & Trust Co. v. Edwards (D. C.) 290 F. 617, appeal dismissed 263 U. S. 672, 44 S. Ct. 4, 68 L. Ed. 499.

In the present case there was no admeasurement of dower, but the widow, taking all the real property, has sold the parts here involved. Two points are argued: (1) Did she elect to waive her dower? And (2) if she did, does that prevent the deduction which would otherwise be proper under Randolph v. Craig, supra?

1. The Kentucky statutes provide:

"After the death of either the husband or wife, the survivor shall have an estate for his or her life in one-third of all the real estate of which he or she, or any one for his or her use, was seized of an estate in fee simple during the coverture, unless the right to such dower or interest shall have been

barred, forfeited or relinquished." Carroll's Kentucky Statutes 1922, § 2132.

"When a widow claims her dowable and distributable share of her husband's estate, she shall be charged with the value of any devise or bequest to her by his will; or she may, though under full age, relinquish what is given her by the will, and thereupon receive her dower and distributable share as if no will had been made; but such relinquishment must be made within twelve months after the probate," etc. *"Nothing herein shall preclude the widow from receiving her dowable and distributable share, in addition to any devise or bequest made to her by the will, if such is the intention of the testator, plainly expressed in the will, or necessarily inferable therefrom."* Carroll's Ky. Sts. 1922, § 1404.

The Ohio statutes provide:

"A widow or widower who has not relinquished or been barred of it, shall be endowed of an estate for life in one-third of all the real property of which the deceased consort was seized as an estate of inheritance at any time during the marriage." Throckmorton's Ohio General Code, 1926, § 8606.

"If provision be made for a widow or widower in the will of the deceased consort, after the probate of such will, the probate court forthwith shall issue a citation to such widow or widower to appear and elect whether to take such provision or to be endowed of the lands of the deceased consort and take the distributive share of the personal estate." Throckmorton's Ohio General Code, 1926, § 10566.

"Such election must be made within one year from the date of the service of such citation." Id. § 10567.

"No widow or widower shall be entitled both to dower and the provisions of the will in her or his favor, unless it plainly shows that such provision was intended to be in addition to dower and a distributive share of the estate." Id. § 10569.

" * * * If the widow or widower fails to make such election, * * * then it shall be deemed that she or he has elected to take under the will * * * and persons may deal with property of the decedent in accordance therewith. * * * " Section 10571.

"If the widow or widower elects to take under the will, she or he shall be thereby barred of dower and such share of personalty, and shall take under the will alone, unless as provided in section 10569. * * * " Section 10572.

It is thus seen that under the statutes of Kentucky the widow cannot accept a gift under her husband's will and retain her dower rights, unless his intention that she have both be "plainly expressed in the will or necessarily inferable therefrom"; and under the Ohio statutes this is likewise true, unless the will "plainly shows" the testator's intention that she have both. In both states, where an election on her part is necessary, if she fails to make one expressly, she is presumed to take under the will and to have waived her dower.

Council for plaintiff ably and incisively argues that under these statutes a widow is not put to election between the provisions of the will and her dower rights, where a testator has given her his entire estate after the payment of his debts. Unfortunately, however, the weight of authority in those states is against his contention. Carpenter's Ex'r v. Kearns, 4 Ky. Law Rep. 825; Harrison v. Taylor's Adm'r (Ky.) 51 S. W. 193; Schnabel v. Schnabel's Ex'x, 108 Ky. 536, 56 S. W. 983; Watson v. Christian, 12 Bush (Ky.) 524; Grider v. Eubanks, 12 Bush (75 Ky.) 517; Opinions of Attorney General of Ohio, 1920, vol. 1, p. 8834. This is more true of Kentucky than of Ohio, but counsel for both sides seem to agree that the same rule should be applied, and the stipulation of facts does not make it possible to direct judgment based on any distinction between the two states. On a question of this sort we ought to be guided by the decisions in the courts of the state which has enacted the law involved, rather than by our own construction. I therefore hold that the plaintiff was required to elect and did actually elect to take under the will and to waive her dower rights.

2. The effect of plaintiff's waiver of her dower upon the right of the estate to claim a deduction under the Revenue Act has been established by Judge A. N. Hand's decision in Title Guarantee & Trust Co. v. Edwards, supra. Here, also, counsel for plaintiff advances cogent reasons for permitting the deduction, even after the waiver of the dower rights, but I feel that the law is settled so far as this district is concerned by the above decision. While it is true that in that case there was an express provision in the will requiring an election, that is no ground for distinguishing the case, because, if my conclusions above are correct, there was an election in the present case brought about by provisions of the statutes rather than of the will. Judge Hand's decision has been followed by the United States Board of Tax Appeals (Jacobs v. Commissioner of Internal Revenue, B. T. A. decision No. 3196), and is supported by a decision of the United

States District Court for the Eastern District of Tennessee (Briscoe v. Craig, decided June 20, 1927 [judgment affirmed (C. C. A.) 32 F.(2d) 40]).

Judgment will therefore be directed for the defendant. There having been no jury sworn, it will be necessary to make findings, which will be the same as the stipulation of facts, and I direct they be settled on notice.

I feel constrained to express appreciation of the exceptional merit of the briefs submitted by counsel for the plaintiff and by the assistant district attorney.