(Surrogate's Court, Herkimer County. December, 1901.)

TRANSFER TAX—GIFTS NOT DELIVERED.

Testator placed unrecorded deeds and securities in envelopes, described as the property of persons to whom they were indorsed, and placed the envelopes in a box in a bank, labeled with his name and that of the transferees. He continued to control the real estate, and received the income of the securities. *Held*, on his death, that the property was subject to the transfer tax.

In the matter of the assessment of the transfer tax of the estate of John P. Sharer. From the report of the appraiser the executor appeals. Affirmed.

John P. Sharer died leaving a will, by which, after devising certain real estate situated in Illinois to a sister, he disposed of his entire estate to Margaret Caldwell, the sister of his deceased wife, which will was made in 1894. Dr. Sharer had a metallic box at a bank, on which was a paper pasted with his name on and also the name of Margaret Caldwell. After the doctor's death there was found in this box an unrecorded deed purporting to convey to Margaret Caldwell and to Julia Caldwell, another sister-in-law, two lots, worth about $6,000, and also an unrecorded deed purporting to convey to the said Julia Caldwell certain other lots, and an undivided one-half of a house and lot worth about $5,500; also an executed assignment of 25 shares of bank stock, and 100 shares of railroad stock, and a small mortgage, to Julia Caldwell, and two certificates of deposit, amounting to $1,300, with indorsements on the back thereof to pay to the order of Julia Caldwell. The several instruments were in envelopes, on which deceased had written "the property of" the proposed transferee (naming her). The deeds were executed before a notary, who also signed as a witness to execution. On the appraisal the executors claimed that the title and owner-ship of all the property mentioned passed by the instruments described to Margaret and Julia Caldwell. The state, through the county treasurer, maintained that the alleged transfers were invalid because not delivered, and, if valid, they were not intended to and did not take effect in possession and enjoyment until at or after the death of deceased, and were taxable. The appraiser finally reported all of said property taxable, and an order was entered confirming said report and assessing the tax. From that order this appeal was taken by the executor.

C. J. Palmer, for appellants.

George H. Bunce, for county treasurer, respondent.

DEVENDORF, S. This is an appeal by the executors of the last will and testament of John P. Sharer, deceased, from the report of the transfer tax appraiser fixing, assessing, and determining the transfer tax upon the property of the above-named deceased. I think the evidence, taken under objection, of declarations made by the deceased, was not competent, and in arriving at a decision herein such evidence may be deemed eliminated from the record, and is disregarded accordingly. I have considered the case carefully, and am convinced that the deceased never intended to, and in law did not, part absolutely with his bank stock, railroad stock, certificates of

deposit, the Keller and Daily mortgages, and the real estate mentioned. It is true that he signed certain papers, which, if delivered in good faith, and followed by a change of possession and acts of ownership on the part of the transferee, would be good and effectual to carry absolute title away from him; but to all the world, after the date of the alleged delivery, he continued to be and remain the owner of the property as before. The property was not within the reach of either Margaret or Julia Caldwell when it went to Sharer's private box at the bank. He received the income from it, and, so far as can be determined, treated it as his own. He still exercised dominion over it, and did not permit the transfer to take effect, so far as the use or control of the property was concerned, during his life. Whatever may be alleged as to the legality of the execution of the papers and the alleged subsequent delivery thereof, yet the property was so managed, and such management acquiesced in by the parties, that the transfer, if any, took effect after Sharer's death. I do not think it can be said that Julia or Margaret Caldwell were purchasers for value of this property. There are too many circumstances and facts pointing in an opposite direction. If a gift were claimed, then it can be surely asserted that the supposed donor retained the property under his control, and it was within his power to such an extent as to invalidate the gift theory; if a grant or transfer, then the property was retained and controlled by the grantor during his life, and never actually took potential effect until after his death.

I see no reason to disturb the report as returned by the appraiser; therefore I have affirmed the same, and a decree may be entered accordingly, but the 10 per cent. interest on the tax should not be allowed during the time that the proceeding has been in litigation.

Decree affirmed.