---

(42 Misc. Rep. 648.)

### In re RIEMANN'S ESTATE.

#### (Surrogate's Court, Erie County. February, 1904.)

1. TRANSFER TAX—DEVISE IN LIEU OF DOWER.
     Where a legacy is accepted by the widow in lieu of dower, it is taxable, it being an election by the widow to accept the provisions of the will.

In the matter of the transfer tax on the estate of David F. Riemann. From a decree assessing the tax, Mary E. Riemann, widow of deceased, appeals. Affirmed.

Godfrey M. Frohe, for Mary E. Riemann.
Thomas Penney, for State Comptroller.

MARCUS, S. This is an appeal from the decree assessing the tax under the transfer tax law (Laws 1896, p. 795, c. 908) upon a legacy given under the will of said deceased to his widow, Mary E. Riemann, and from that portion of the order and determination made by the surrogate herein fixing, assessing, and determining the transfer tax upon the property transferred to the appellant under and by virtue of the provisions of the will of said decedent; and brings up for review the sole question as to whether a legacy made in lieu of dower is a taxable transfer. A dower right is an interest in real estate not subject to a tax or to the testator's disposition, and is therefore not a transfer of or a succession to property of her husband. It is property which exists inchoately during her husband's lifetime, and passes to the widow regardless of the laws governing the disposition of the property of a decedent by will or under the laws applicable to intestacy. It is therefore argued that to assess and tax against her the property accepted by the widow from her husband in his will in lieu of dower would, in effect, be taxing her dower as a taxable transfer. It is further urged that the testamentary provisions made for the benefit of the appellant, having been made and accepted for and in consideration of the relinquishment of the appellant's dower in the lands of which her husband died seised, should be the subject of taxation, not in her hands, but in the hands of those receiving the lands, at least to the extent of the value of the appellant's dower in the lands at the time of her husband's death;

and that the provisions accepted by her must be regarded as a consideration for the sale by her of her dower rights; and the immediate effect of the testator's action in making this provision conditional upon their acceptance in lieu of the appellant's dower would be in case of her acceptance of the provisions forthwith to free the lands from her dower; that to the extent of the value of her dower in her husband's lands the widow has by the acceptance of the testamentary provisions made for her benefit merely received her dower in a gross sum, and to that extent not she, but those getting the lands, have succeeded to the property of the decedent.

It might be said further that, when dower has been relinquished, the lands passing under the will of the decedent have thereby immediately, and proportionately to that extent, enhanced in value, and it must be assumed that the appraiser, in fixing the value of lands, has taken into consideration the question of the relinquishment of the widow's dower as bearing upon the value of the lands transferred by the deceased, since transfer taxes are imposed upon the clear market value of the lands transferred. What the market value of the property is depends, of course, not alone upon its location, character, and purpose, but also on matters relating to the owner's title and to outstanding interests, liens, and incumbrances. Therefore the clear market value of the land is certainly greater free from dower than when the same is subject to it, and that the measure of right subject to taxation in the hands of the appellant should be the value of the testamentary provisions accepted by her in lieu of her dower, minus the value of her dower. Along such lines it might be urged that the same liberality should be extended to widows when they elect between their dower and a legacy that is extended to executors and trustees by section 227 of the transfer tax act (page 872), which reads as follows:

"If a testator bequeathes or devises property to one or more executors and trustees in lieu of their commissions or allowances, or makes them his legatees to an amount exceeding the commissions or allowances prescribed by law for an executor or trustee, the excess in value of the property so bequeathed or devised, above the amount of commissions or allowances prescribed by law in similar cases shall be taxable under this article."

A strong, equitable argument can be made in favor of giving to a dower right immunity from the tax, but the statute does not bear this out. Neither does the application of legal principles as applied to this question sustain such contention. It must therefore be for the Legislature to give the immunity, and not the court.

In Matter of Gould, 156 N. Y. 423, 51 N. E. 287, the principle is broadly stated, viz.:

"It matters not what the motive of the transfer by will may be—whether to pay a debt, discharge some moral obligation, or benefit a relative for whom the testator entertains a strong affection—if the devise or bequest be accepted by the beneficiary, the transfer is made by will, and the state, by the statute in question, makes a tax to impinge upon that performance."

This case must therefore be authority that the appellant could have refused to accept the legacy given to her in lieu of dower under the will, in which event, whatever the value of dower may have been, it could not have been taxable under the transfer tax act, since it

would not be a transfer by will; but the moment the appellant accepted the provision under the will in lieu of her dower a tax under and by virtue of the transfer tax act immediately attached upon that performance, and by her acceptance of the legacy for her dower she released all claim to her dower and to every right which she would have under the same.