## In re BARBEY'S ESTATE.

(Surrogate's Court, New York County. November 11, 1908.)

1. TRUSTS (§ 34*)—DEPOSITS IN BANKS IN TRUST.

One depositing in a savings bank his own money in trust for his children, unaccompanied by any contract obligation with reference to the deposit, or by a transfer to the children of the bank book, retains the ownership of the deposit for life, with the right of withdrawal; and the children surviving him are only entitled to the balance of the deposit remaining at his death.

[Ed. Note.—For other cases. see Trusts, Cent. Dig. § 44; Dec. Dig. § 34.*]

2. TAXATION (§ 879*)—TRANSFER TAXES—GIFTS.

One depositing his own money in a savings bank in trust for his children thereby grants to them interests taking effect in possession or enjoyment at his death, and such interests are taxable under the transfer tax law.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1702; Dec. Dig. § 879.*]

3. TAXATION (§ 895*)—TRANSFER TAXES—PROPERTY SUBJECT.

Where the provisions in a will in favor of testator's widow are stated to be in lieu of dower, and the widow elects to accept them, the estate is not to be diminished for purposes of taxation under the transfer tax law, by the value of her dower right.

[Ed. Note.—For other cases, see Taxation, Dec. Dig. § 895.*]

In the matter of the estate of Henry I. Barbey, deceased. Heard on appeal from an order fixing the transfer tax. Affirmed.

Strong & Cadwallader, for appellant.
John S. Jenkins, for the State.

THOMAS, S. The money deposited by the decedent in savings banks in form "in trust" for his several children was his own property. No contract obligation with relation to such deposits existed. No absolute transfers to the trust beneficiaries, by delivery of the bank books or otherwise, was shown; and it is not claimed that the fact of the deposits was made known by the decedent to the beneficiaries or any of them. Upon these facts the depositor retained a power to revoke the trusts at his pleasure by making withdrawals of money for his own use, and the rights of the beneficiaries are restricted to the balances remaining at his death. Matter of Totten, 179 N. Y. 112, 71 N. E. 748, 70 L. R. A. 711.

The depositor is also presumed to have intended that each trust shall come to an end and that the fund shall revert to his estate if the beneficiary does not survive him. Matter of U. S. Trust Co., 117 App. Div. 178, 102 N. Y. Supp. 271, affirmed 189 N. Y. 500, 81 N. E. 1177. In other words, the decedent reserved to himself all of the rights of ownership in the deposits until his death, and granted only interests "intended to take effect in possession or enjoyment at or after such death." Such interests are identical with those passing by a will. The transfers are within the purpose and express language of the statute and they are taxable. Matter of Green, 153 N. Y. 223, 47 N. E. 292; Matter of Brandreth, 169 N. Y. 437, 62 N. E. 563,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

58 L. R. A. 148, reversing 58 App. Div. 575, 69 N. Y. Supp. 142; Matter of Cornell, 170 N. Y. 423, 63 N. E. 445, modifying 66 App. Div. 162, 73 N. Y. Supp. 32; Matter of Bostwick, 160 N. Y. 489, 55 N. E. 208; Matter of Skinner, 45 Misc. Rep. 559, 92 N. Y. Supp. 972; Matter of Sharer, 36 Misc. Rep. 502, 73 N. Y. Supp. 1057.

The provisions made by the will in favor of the widow being expressly stated to be in lieu of dower, and the widow having elected to accept them, the estate is not to be diminished, for purposes of taxation, by the value of her dower right. Matter of Riemann, 42 Misc. Rep. 648, 87 N. Y. Supp. 731; Matter of Gould, 156 N. Y. 423, 51 N. E. 287; Matter of Wolfe, 89 App. Div. 349, 85 N. Y. Supp. 949, affirmed 179 N. Y. 599, 72 N. E. 1152.

The order appealed from must be affirmed. Settle order on notice.