In the Matter of the Appraisal of the Property of the Estate of WILLIAM AUSTIN WADSWORTH, Deceased, etc., Taxable under the Laws of Taxable Transfers.

THE COMPTROLLER OF THE STATE OF NEW YORK, Appellant; SECURITY TRUST COMPANY OF ROCHESTER and WILLIAM W. VAUGHAN, Executors, etc., of WILLIAM AUSTIN WADSWORTH, Deceased, Respondents.

Fourth Department, November 16, 1921.

Taxation — transfer tax — burden is on State to show that gift was made in contemplation of death — Tax Law construed favorably to taxpayer — when transfer made by husband to wife two days before being stricken with fatal illness and ten days before death not made in contemplation of death within 'meaning of Tax Law, § 220, subd. 4.

Where it is claimed that a transfer of property by a decedent was made in contemplation of death within the meaning of the Tax Law, section 220, subdivision 4, the burden is on the State to show that the gift was so made.

Fourth Department, November, 1921.        [Vol. 198

Special tax laws like the law relating to taxable transfers are always con-
strued against the government and favorably to the taxpayer.

The transfer of bonds by the decedent to his wife was not made in con-
templation of death, within the meaning of subdivision 4 of section 220
of the Tax Law, where it appears that the decedent had for several
years contemplated making the transfer; that shortly before the transfer
he had fully recovered from an attack of pneumonia; that, while he was
afflicted with chronic diabetes, there was noth'ng new about that disease
at the time and it was not causing any apprehension; and that two days
after the transfer was effected he was stricken with an acute throat disease,
which was not in any way connected with or caused by the diabetes or
the attack of pneumonia, and from which he died about ten days later.

APPEAL by the Comptroller of the State of New York from
an order of the Surrogate's Court of the county of Livingston,
entered in the office of said surrogate on the 4th day of Decem-
ber, 1920, modifying an order theretofore entered in said sur-
rogate's office on the 29th day of September, 1919, fixing and
assessing a tax upon the transfers of property of the deceased,
William Austin Wadsworth, under the law relating to taxable
transfers of property.

*Floyd G. Greene* and *Lewis C. O'Connor*, for the appellant.

*Harris, Beach, Harris & Matson* [*Leonard B. Bacon* of
counsel], for the respondents.

CLARK, J.:

William A. Wadsworth, of Geneseo, Livingston county,
N. Y., died at his winter residence in Boston, Mass., May 2,
1918, at the age of seventy years. Mr. Wadsworth had been
married in 1901 and since his marriage had given to his wife at
first $10,000 and latterly $12,000 each year for her personal use.

At intervals for several years prior to his death he had told
his wife and others that he intended to give her the principal
of the bonds from which this $12,000 he gave her each year
was derived.

The actual transfer was postponed from the fall of 1917,
when he intended to make it, owing to the fact that his personal
counsel at Boston, where the bonds were kept, was in the
South, and he desired him to attend to the transfer. Before
his counsel returned and was able to see to the matter Mr.
Wadsworth was taken ill with penumonia. He recovered in
the middle of April, 1918, when the transfer was made. By

the instrument of transfer, dated April 22, 1918, and executed by Mr. Wadsworth, he transferred to his wife bonds of the face value of $322,000, and they were delivered to her the next day.

Mr. Wadsworth had been afflicted with diabetes for twenty-five years, but his condition was not acute, and he had no fear of death because of that disease. The evidence shows that when he followed a strict diet he was apparently perfectly well, and had been in substantially the same condition for many years. If he ate food that did not agree with him the diabetic condition was aggravated temporarily, but it disappeared on his return to the restricted diet that agreed with him. Aside from this chronic diabetes he was in good health, and attended to his regular business until in March, 1918, when he suffered an attack of pneumonia, from which he fully recovered by the middle of April of that year. He was thus in his usual health when he transferred these bonds to his wife, and had no present fear of death. Indeed, he had made his plans for the summer, both as to the management of his extensive real estate holdings in Livingston county and the spending of a portion of the summer at his Massachusetts country home.

On the 24th day of April, 1918, and after the transfer of the bonds was completed, and they had been delivered, he was suddenly stricken with an acute throat disease which did not yield to treatment, and he died from its effects May 2, 1918. The disease that caused his death was in no way connected with the attack of pneumonia, from which he had fully recovered, or with the diabetes which was no more troublesome in the spring of 1918 than it had been for many years. In fact, the evidence shows that the disease which caused his death had no apparent connection with either the diabetes or pneumonia, although the death certificate states as a secondary cause of death diabetes with which deceased had been afflicted for twenty years.

These facts were fully established by the evidence, and the acting surrogate of Livingston county held that the transfer of the bonds was not subject to a tax under subdivision 4 of section 220 of the Tax Law, and by an order entered December 4, 1920, relieved the estate from a tax of $26,690.13,

which had theretofore been assessed against it in proceedings under the Transfer Tax Law, on the theory that the transfer was not made in contemplation of death within the meaning of the Tax Law.

Subdivision 4 of section 220 of the Tax Law (as amd. by Laws of 1916, chap. 323),* in effect at the time of Mr. Wadsworth's death, and which provided that a tax should be imposed upon the transfer of certain property, so far as it is pertinent here, is as follows:

" When the transfer is of intangible property or of tangible property within the State, made by a resident, * * * by deed, grant, bargain, sale or gift made in contemplation of the death of the grantor, vendor or donor or intended to take effect in possession or enjoyment at or after such death."

At that time section 243 of the Tax Law (as amd. by Laws of 1916, chap. 551)* defined tangible and intangible property for the purposes of the Transfer Tax Law. By that definition the bonds which are the subject of these proceedings were classed as intangible property.

The burden is on the State to show that the gift was made in contemplation of death, and that seems to be conceded by appellant. (*Matter of Enston*, 113 N. Y. 174; *Matter of Beyer*, 190 App. Div. 802.)

Special tax laws like the one under consideration are always construed against the government and favorably to the taxpayer. (*Matter of Vassar*, 127 N. Y. 1; *Matter of Wadsworth*, 100 Misc. Rep. 439.)

In the case of *Matter of Thorne* (44 App. Div. 8) it was said by the court: " The right to impose the tax must rest upon evidence sufficient in probative force to bring it within the statute, and must establish a case from which the law clearly authorized its imposition."

This tax did not attach unless the transfer was made by Mr. Wadsworth in contemplation of death. (*Matter of Crary*, 31 Misc. Rep. 72; *Matter of Spaulding*, 49 App. Div. 541; *Matter of Hendricks*, 163 id. 413; affd., 214 N. Y. 663.)

In the latter case there was a transfer of stock by the decedent to his wife, which she immediately handed back to

---

* Since amd. by Laws of 1919, chap. 626.— [REP.

him, and which was returned to the safe deposit box, but no record was made upon the books of the corporation until after the testator's death, and he, up to the time of his death, collected the dividends and deposited the same to his credit, in an account from which his wife also had the right to withdraw funds, and it was held that there was a valid gift *inter vivos*, and that the transfer was not made in contemplation of death.

In this case it is not questioned that at the time of the transfer the donor was up and around the house, entirely recovered from the attack of pneumonia, and with nothing that caused alarm from the diabetic condition, which was in the same condition that had manifested itself for a long time. In other words, there was nothing new or alarming about the diabetes and it was causing no trouble or apprehension.

In making the gift of these bonds which represented the principal on the amount he had paid his wife ever since his marriage, he was carrying out a purpose long since formed and frequently expressed to her and others. There is no reason to assume that the gift was made to avoid the inheritance tax, or in contemplation of death, except the inference indulged by appellant, that because the donor died ten days after the bonds were delivered the transfer must have been in contemplation of death. That is a pure assumption. The evidence is all the other way, and I can see no good reason why several apparently respectable witnesses who testified to the facts concerning this transfer should not be believed. If what they testified to is true then there is no justification whatever for the assumption that the bonds were transferred either to avoid the inheritance tax or in contemplation of death. Instead of his contemplating death Mr. Wadsworth contemplated living, and had made his plans accordingly for the following summer. Under these circumstances the transfer is not taxable. (*Matter of Baker*, 83 App. Div. 530.)

The order should be affirmed, with costs.

All concur.

Order affirmed, with costs.