In the Matter of the Appraisal under the Transfer Tax Law of the Estate of PATRICK J. DUNN, Deceased

Surrogate's Court, Bronx County, April, 1922.

**Transfer tax — real estate held by the entirety — value of dower should be deducted before tax is computed — Tax Law, § 220(7).**

A transfer tax being a special and not a general tax may not be levied unless the circumstances are such as fairly bring the matter within the provisions of the statutes and there is a clear warrant in the law for its imposition; and all doubt as to the construction of such a statute should be resolved in favor of the person chargeable with the payment of the tax.

Section 220(7) of the Tax Law, as amended by chapter 664 of the Laws of 1915 and chapter 323 of the Laws of 1916, provides: " Whenever property is held in the joint names of two or more persons, or as tenants by the entirety, * * * upon the death of one of such persons the right of the surviving tenant by the entirety, * * * to the immediate ownership or possession and enjoyment of such property, shall be deemed a transfer taxable under the provisions of this chapter in the same manner as though the whole property to which such transfer relates belonged absolutely to the deceased tenant by the entirety, * * * and had been bequeathed to the surviving tenant by entirety, * * * by such deceased tenant by the entirety, .* * * by will." While said section as so amended was in force, decedent and his wife as tenants by the entirety acquired the title to two parcels of real estate. *Held*, that before a transfer tax was assessed the value of the widow's dower should be deducted from the value of the property assumed to have been owned by the decedent at his death.

The word " absolutely " is used in said section 220(7) to distinguish the assumed ownership from the ownership by the entirety, and not to indicate that the former was to be free from the dower right.

However, a claim of the widow for one-half of the rents and profits of certain real property purchased by decedent and his wife in part, with the proceeds of other real estate, was properly disallowed.

APPEAL from order assessing transfer tax.

*Otto Henschel,* for Lena Dunn, individually and as administratrix of the estate of Patrick J. Dunn, deceased.

*John Boyle, Jr.,* for state tax commission.

SCHULZ, S.  The widow of the decedent, individually and as administratrix of his goods, etc., appeals from the order entered upon the report of the appraiser in the transfer tax proceeding upon two grounds:

(a) That the appraiser erred in disallowing the claim of the widow for one-half of the rents and profits of certain real estate owned by her and the decedent as tenants by the entirety.

(b) That the appraiser erred in failing to deduct the value of the widow's dower, in assessing the value of the transfer of two parcels of real estate owned by the decedent and herself as tenants by the entirety.

An examination of the evidence discloses that a part of the proceeds of at least one of the parcels of real estate was used for investment in other real property purchased by the decedent and his wife. I do not find that the claim was established with such certainty that I would be warranted in setting aside the determination reached by the appraiser with regard to it.

The other ground of appeal presents a novel question which is both interesting and not without difficulty of solution.  The two parcels as to which the contention is made were acquired by the decedent and his wife as tenants by the entirety, one in the year 1919 and the other in 1920.  Upon the death of the decedent, therefore, the provisions of subdivision 7 of section 220 of the Tax Law (Laws of 1909, chap. 62 [Cons. Laws, chap. 60], as amd. by Laws of 1915, chap. 664, and Laws of 1916, chap. 323) applied.

This subdivision, so far as material, is as follows: " Whenever property is held in the joint names of two or more persons, or as tenants by the entirety,  *  *  *  upon the death of one of such persons the right of the surviving tenant by the entirety,  *  *  .* to the immediate ownership or possession and enjoyment of such property shall be deemed a transfer taxable under the provisions of this chapter in the same manner as though the whole property to which such transfer relates belonged absolutely to the deceased tenant by the entirety,  *  *  *  and had been bequeathed to the surviving tenant by the entirety,  *  *  *  by such deceased tenant by the entirety,  *  *  *  by will."

The appellant contends that by reason of these provisions there should be deducted from the value of the two parcels of realty owned by the tenants by the entirety, the value of the dower right

of the surviving widow in the whole of such parcels. No case directly upon the point has been drawn to my attention.

In an estate by the entirety there is, of course, no dower, and if this estate were taxed as an estate by the entirety and upon the value of what actually passed, no dower could be deducted. On the other hand, if the tax were assessed upon what actually passed to the surviving tenant, no tax at all could be levied, because in an estate by the entirety each of the tenants owns the whole. They are seized *per tout et non per my*, and so no title passes from one to the other upon the death of either (*Matter of McKelway,* 221 N. Y. 15) and no attempt was made to levy a transfer tax in such cases until subdivision 7 was added to section 220 of the Tax Law, *supra,* in 1915. Laws of 1915, chap. 664. The tax levied in cases of estates by the entirety, therefore, is not upon any actual transfer to the " surviving tenant, but it is in the language of the statute upon the right of the surviving tenant   *   *   * to the immediate ownership or possession and enjoyment of such property " which the statute provides " shall be *deemed* a transfer " which is taxable.

The statute having provided what shall be *deemed* a transfer in such cases, proceeds to set forth how this transfer shall be taxed and provides that it is taxable in the same manner " as though the whole property   *   *   * belonged absolutely to the deceased tenant   *   *   * and had been bequeathed to the surviving tenant   *   *   * by such deceased tenant   *   *   * by will." If the realty in question belonged absolutely to the deceased tenant so that he could devise it by will, it would follow that his wife had an inchoate right of dower in it (Real Prop. Law [Cons. Laws, chap. 50], § 190) which upon his death became consummate. This right did not pass by the will but came into being by operation of law entirely distinct and independent of the will (*Matter of Weiler,* 122 N. Y. Supp. 608; affd., no opinion, 139 App. Div. 905; *Matter of Riemann,* 42 Misc. Rep. 648) and for that reason was not taxable (*Matter of Weiler, supra; Matter of Riemann, supra; Matter of Browning,* 95 Misc. Rep. 459) unless the realty was devised in lieu of her dower and accepted by her. *Matter of Church,* 80 Misc. Rep. 447; *Matter of Stuyvesant,* 72 id. 295; *Matter of Barbey,* 114 N. Y. Supp. 725.

If the tax is fixed on the assumption that the realty belonged to the deceased tenant, the widow should receive the benefit to which such an assumed ownership entitled her, namely, the right to deduct the value of her dower from the value of the assumed devise. If it had been the purpose of the legislature to tax this assumed transfer at the full value of the real estate to which it related, it would have been a simple matter to say so. Not having said so,

in plain and unequivocal language, it is fair to conclude that it did not intend that where an estate by the entirety existed, the tax should be greater than when the title was in the deceased husband alone.

In that connection, we must look at the reason for this legislation. It certainly was not to penalize the survivor of a tenancy by the entirety; its purpose clearly was to prevent persons standing in the relation of husband and wife, from holding real property by the entirety, for the purpose of evading the tax which would have accrued if one alone held it and died devising it to the other. This it did by enacting that when property so held passed to the survivor, it should be taxed, and I think the assumption is fair that it intended that it should be taxed just as though the decedent had owned it all. I cannot reconcile myself to the belief that it was the intention of the legislature to levy a higher tax than that; at all events, such an intent does not clearly appear from the language of the statute.

It is well settled that the so-called transfer tax, being a special and not a general tax, may not be levied unless the circumstances are such as to fairly bring the matter within the provisions of the statute and there is a clear warrant in the law for its imposition. *Matter of Enston*, 113 N. Y. 174; *Matter of Vassar*, 127 id. 1; *Matter of Bronson*, 150 id. 1; *Matter of Harbeck*, 161 id. 211; *Matter of Wadsworth*, 198 App. Div. 483. The laws imposing such a tax should be construed against the government and all doubt as to the construction of the provisions thereof should be resolved in favor of the person chargeable with the payment of the tax. *Smith* v. *Browning*, 225 N. Y. 358, 363; *Matter of Terry*, 218 id. 218, 222.

I do not think that the state has established a legislative intent that no allowance should be made for dower under the circumstances detailed, and I accordingly hold that from the value of the property assumed to have been owned by the decedent at the time of death, there must be deducted the value of the widow's dower before the tax is assessed. To reach a contrary conclusion, a meaning would have to be given to the words of the statute " as though the whole property * * * belonged absolutely to the deceased tenant by the entirety * * * and had been bequeathed * * * by will " which, in my opinion, would be strained and not warranted. The word " absolutely " was used to distinguish the assumed ownership from the ownership by the entirety, and not to indicate that the former was to be free from the dower right of the widow.

The order is, therefore, reversed and the matter remitted to the appraiser to proceed as indicated.

Ordered accordingly.