In the Matter of the Transfer Tax upon the Estate of CATHERINE LAMB BAIRD, Deceased.

JANET F. LAMB, as Executrix, etc., of CATHERINE LAMB BAIRD, Deceased, and Another, Appellants; STATE TAX COMMISSION, Respondent.

Fourth Department, January 5, 1927.

Taxation — transfer tax — tax on land deeded by decedent within two years before death — said transfer was made to carry out intention formed many years before — inducing cause of transfer was not that death was imminent or reasonably near because of ill health — said transfer is not taxable as having been made in contemplation of death under Tax Law, § 220 — presumption under Tax Law, § 230, is rebuttable.

The contention by the State Tax Commission that land transferred by the testatrix to her niece within two years before she died was made in contemplation of death within the meaning of section 220 of the Tax Law and is subject to a transfer tax cannot be sustained, where it appears that in November, 1916, the property in question was transferred to the testatrix and the niece as joint tenants; that it had always been the intention of the testatrix to transfer her interest to the niece, and that at the time of the transfer in question the testatrix was in good health and continued in good health for more than a year thereafter; although it does appear that the testatrix sought advice from her lawyer as to whether or not the property might be transferred so as to free the niece from the necessity of paying a transfer tax thereon if it were left to be transferred to the niece by the testatrix's will.

The statutory presumption, under section 230 of the Tax Law, that the transfer was made in contemplation of death, having been made within two years prior to death of the testatrix, is rebuttable, and the facts outlined rebut that presumption.

The evidence clearly refutes any contention that the testatrix made the transfer in the belief that death was imminent or reasonably near, or in bad faith, or with an intent to defraud the State or to cheat the law.

APPEAL by Janet F. Lamb, as executrix, etc., and another, from an order of the Surrogate's Court of the county of Monroe, entered in the office of said Surrogate's Court on the 18th day of June, 1926, in so far as it affirms the order theretofore made and entered on the 18th day of May, 1926, fixing a tax upon the estate in relation to a transfer of certain property by a deed to Estelle F. Hawley.

*Raymond Bentley,* for the appellants.

*Harlan W. Rippey,* for the respondent.

SEARS, J. The Surrogate's Court in fixing the transfer tax upon the estate of Catherine Lamb Baird, deceased, has imposed a tax upon the transfer of certain real property from the deceased to her niece, Estelle F. Hawley, as having been made " in contemplation of the death " and as "intended to take effect in possession or enjoyment at or after such death " within the meaning of section 220 of the Tax Law.

Catherine Lamb Baird died September 4, 1925. The transfer by deed occurred July 10, 1924. The property transferred consisted of a one-half interest in a farm in the town of Pittsford, Monroe county, N. Y., of the conceded value of $25,000.

The deceased was about eighty years old at the time of her death, which resulted from a cerebral hemorrhage. Her health had been bad since about the middle of the summer of 1925, but at the time of the making the transfer and for a year following, she was apparently in good health.

The farm in Pittsford was originally acquired by Estelle F. Hawley in October, 1887. In August, 1898, it was sold as the result of the foreclosure of a mortgage, and was purchased at the foreclosure sale by Thomas Lamb, an uncle of Estelle F. Hawley, and brother of Catherine Lamb Baird. In December, 1906, Thomas Lamb conveyed the property to his sister, the deceased. On November 22, 1916, the deceased conveyed the premises to Estelle F. Hawley's daughter, Florence Shantz, who at once reconveyed the farm to Estelle F. Hawley and Catherine Lamb Baird as joint tenants. By the transfer on July 10, 1924, the character of which is the subject of this proceeding, the deceased conveyed her interest in the farm to Estelle F. Hawley. There was no consideration for the conveyance.

Shortly after the deceased obtained the property from her brother she told her niece that she was acquiring the property for her, and that she intended to give it to her, and that Estelle F. Hawley should keep it as her own, and on numerous occasions afterwards prior to July 10, 1924, the deceased told her niece that the property was hers but she expected her niece to let her make

her home there whenever she wished. When the transfer of July 10, 1924, was made, it was understood both by the deceased and Estelle F. Hawley that the deceased would continue to make her home with her niece either on the property, if it was not sold, or wherever her niece should live if the property was sold.

Estelle F. Hawley has lived on the farm since prior to 1898. Before 1923 the deceased had lived with her husband in Brooklyn, N. Y., but after her husband's death in that year she went to Pittsford and made her home on the property with her niece and her sister, Janet Lamb. Estelle F. Hawley, during all the years that her aunt owned the farm, or an interest in it, received the income and profits from the property, paid the taxes and insurance charges and made no accounting whatever to her aunt. The deceased never asked for any accounting or for any return from the farm or for any rent of the property. After Catherine Lamb Baird went to Pittsford she paid her niece $100 per month toward the household expenses, and continued to make such payments until two months before her death. Previous to the transfer on July 10, 1924, the deceased had made a will in which she had made a devise to Estelle F. Hawley of her right, title and interest to the farm. On July 1, 1924, the deceased wrote to her lawyer in New York a letter containing these sentences: " Sister [Janet Lamb] and I were talking about the farm here the other day. I thought if I could deed it to Mrs. Hawley now it would save her paying the inheritance tax which I fear would be hard for her to do.

" Will it complicate matters on account of the way my will is drawn if this could be done now?

" Can I have the deed drawn here if everything is all right? If so I will do it at once and put on record. Mrs. Hawley knows nothing about this though. I felt it best not to say anything till I knew what could be done."

To this the lawyer replied: " If you desire to transfer the farm to Mrs. Hawley, the deed could best be drawn just where you are and the transfer would in no way invalidate your existing will. It would merely mean that you were doing something now, to be effective now, that would otherwise only take place in the event of the probate of the will."

The deceased had the deed drawn locally within a week after the receipt of this letter. She did not notify her lawyer that she had made this transfer, and when he drafted a new will for the deceased in November, 1924, he included in the instrument the same provision devising the testatrix's interest in the farm which had been contained in the former will. Before executing this new will, the deceased had her sister write to the lawyer to tell him that

she had conveyed her interest in the farm to her niece and to ask whether the clause ought not to be struck out. He wrote back that the clause, though superfluous, was not such as to require a redrafting of the instrument, but that she might sign the will as it stood. This she did.

As the transfer occurred within two years previous to the death of Catherine Lamb Baird, a statutory presumption that it was made in contemplation of death exists in this case. (Tax Law, § 230, as amd. by Laws of 1924, chap 657.) A determination could be founded on this presumption alone in the absence of other proof. The presumption is rebuttable. It differs in this respect from the presumption under the Wisconsin law which was held unconstitutional in *Schlesinger* v. *Wisconsin* (270 U. S. 230). As a result of the presumption, the appellants objecting to the tax were called upon to make explanation. (*Matter of Kindberg,* 207 N. Y. 220.) The record contains a very complete history of the transaction which has been outlined above.

The deceased certainly had in mind the situation which would exist at her death in respect to this farm at the time that she made the deed. In a general sense, therefore, it could be said that the transfer was in contemplation of death. But this is not the meaning of those words as used in the statute. The words have reference rather to a situation where the inducing cause of the transfer is the thought that death is imminent or at least reasonably to be expected from a condition of ill health, or infirmity then existing, or where a transfer is made " in bad faith " or so as " to evade " or " defraud the State of the tax " or " to cheat the law." (*Matter of Spaulding,* 49 App. Div. 541; affd., 163 N. Y. 607; *Matter of Beyer,* 190 App. Div. 802; *Matter of Wadsworth,* 198 id. 483; *Matter of Mahlstedt,* 67 id. 176; *People ex rel. Studebaker Corp.* v. *Gilchrist,* 217 id. 130; *Matter of Bullard,* 76 id. 207; *Matter of Baker,* 83 id. 530; *Matter of Palmer,* 117 id. 360; *Matter of Hendricks,* 163 id. 413.)

No especial condition of ill health or bodily infirmity existed to bring the idea of death into the deceased's mind when the transfer was made. In this respect the transfer did not differ from that in the *Spaulding Case (supra).* There was no cheating or defrauding of the law, no bad faith, no evasion of the payment of the tax. The deceased simply created a condition by the transfer which she had long contemplated whereby a tax upon the transfer would not be applicable. A person who sells taxable property and buys non-taxable bonds does not thereby evade the payment of a tax, or act in bad faith, or cheat or defraud the government even though he intends to put his estate into such form as not to be subject to

taxation. Evasion, cheating and defrauding import a moral delinquency which is wholly absent here.

The understanding that the deceased might live out her life in the home of her niece imposed no condition upon the transfer which was direct and immediate, unconditional and irrevocable. (*Matter of Hess*, 110 App. Div. 476; affd., 187 N. Y. 554.)

The conclusion follows that the presumption created by the statute is wholly rebutted and that the transfer was not taxable.

The order so far as appealed from should be reversed on the law and the facts, with costs, and matter remitted to the Surrogate's Court to modify the order in accordance with this opinion.

All concur. Present — HUBBS, P. J., CLARK, SEARS, CROUCH and TAYLOR, JJ.

Order, so far as appealed from, reversed on the law and facts, with costs, and matter remitted to the Surrogate's Court to modify the order in accordance with the opinion.