In the Matter of the Transfer Tax on the Estate of WILLIAM H. SEAICH, Deceased.

Surrogate's Court, Westchester County, March 13, 1930.

*T. Ludlow Chrystie*, for the executrix.

*Charles A. Curtin* [*Irving N. Tompkins* of counsel], for the State Tax Commission.

SLATER, S. This is an appeal by executors from a *pro forma* order assessing tax, based on the report of the appraiser. The decedent died testate March 21, 1928. The report includes an item which is listed as " Schedule H — Gifts and Transfers — $621,651.15." As to this portion of the report, the appellant claims that none of said property belonged to the decedent at the time of his death. The property represented in the item consists of certain debentures and stock of the Seaich Realty Company. It is claimed that the stock and bonds were transferred by the decedent on May 13, 1926, by completed transfers, and that the said transfers were not made in contemplation of death. Nor were they intended to take effect in possession or enjoyment at or after the death of said decedent.

The transfers in question were set forth in an instrument dated and delivered May 13, 1926, which recites the ownership by the decedent of certain shares of stock and certain debenture bonds; that it is the desire of the decedent to retire from active participation in the management of said Seaich Realty Company and to have the parties of the second part, namely, his children and grandchildren, take over the complete control and ownership of said company. By said instrument said decedent conveyed, transferred and delivered to the parties of the second part such stock and debenture bonds. The parties of the second part jointly agreed to pay to the decedent the sum of $1,000 on the first day of each and every month during the life of the decedent. They further agreed to deposit said securities with the Manufacturers Trust Company of New York in escrow, duly assigned in blank as collateral security for the payment to the decedent of the aforesaid sum of $1,000 monthly, as and when said sums shall become due and payable. The said trust company, after ten days' written notice of any default by the parties of the second part, is authorized and empowered to deliver the whole or any part of said stock or debenture bonds to the party of the first part. The decedent retains the right to waive the due and punctual payment of said sum of $1,000 per month, but said waiver in one instance shall not be deemed to

be a waiver for any subsequent default. Upon the death of the decedent, the agreement shall terminate and come to an end and the trust company shall forthwith redeliver the stock and bonds held by it in escrow to the parties of the second part. The decedent retains the right to inspect the books and records of the Seaich Realty Company and to have periodic audits made for the purpose of advising himself as to the financial condition of said company.

Two questions are presented — was the transfer made to take effect in possession or enjoyment at or after death? And was the transfer made by the decedent violative of section 230 of the Tax Law (as amd. by Laws of 1928, chap. 549) which says, "Any transfer * * * made by a decedent * * * within two years prior to his death, without a valid and adequate consideration therefor, shall be presumed to have been made in contemplation of death * * * ? "

The decedent did not reserve to himself any power to alter, amend or to revoke the transfers. The only possible way for any change in either the use or the possession of the securities could have occurred during the lifetime of the grantor was by the default of the transferee. It appears that the decedent parted absolutely and unequivocally with both the possession and the enjoyment of the stock and the debentures as transferred by him on May 13, 1926. " The fullness of finality came to it at this time."

The facts of the instant case are subject to the ruling in *Matter of Edgerton* (35 App. Div. 125; affd., without opinion, 158 N. Y. 671), where transfer of stocks was made and conditioned for the payment of an annuity and provided for the deposit of the securities as collateral security for the performance thereof, with the provision in case of default, the deposited securities might be reached. The court held that the transfers were intended to take effect in possession and enjoyment at the time they were made. ` (*Matter of Thorne*, 44 App. Div. 8; appeal dismissed, 162 N. Y. 238; *Matter of Hess*, 110 App. Div. 476, 481; affd., upon opinion of Justice Spring, 187 N. Y. 554; *Reinecke* v. *Northern Trust Company*, 278 U. S. 339, 346.)

The State Tax Commission seized upon paragraphs 3, 4 and 5 of the agreement as indicating the decedent's intention to retain a taxable interest in the securities. These paragraphs could well have been placed in an independent instrument. The fact that they were a part and parcel of the original deed of gift, in my judgment, in no way modifies the unqualified gift of the decedent. The transfer of the securities to the trust company in escrow to serve as collateral to the payment of the $1,000 per month has no effect upon the gift of the decedent. The gift was a completed

one and the obligation for backing up the payment of the per monthly amount to the decedent was the obligation of the beneficiaries of the gift, quite apart from the gift.

The decedent divested himself of title to the property when he executed the deed of gift which contained no right of reversion in any manner to himself.

The testimony presented was that it was the decedent's desire to retire from active management of the company. He resigned as president, treasurer and director, and the complete control of the company's operations was in the hands of the new owners. At the time of the transfer he was eighty-three years of age, a veteran of the Civil War. From that time until his death, he was active in other lines of business, took part in affairs of his Grand Army of the Republic post, served as a director of a bank, all evidenced by affidavit in the report of the appraiser. He was in good health until shortly before he died.

In my opinion, the gift was not made in contemplation of death. The only contemplation of death that existed was the same that shadows the lives of all of us. (*Matter of Wadsworth,* 198 App. Div. 483.) The decedent's death was not imminent or to be expected from a condition of ill-health or infirmity then existing. (*Matter of Baird,* 219 App. Div. 418.) The presumption created by the statute is wholly rebutted.

I hold, therefore, that the transfer made by the decedent is not taxable. The appeal is sustained.

Submit order on notice modifying the taxing order in accordance with this decision.