In the Matter of the Estate of JULIA FITZGERALD, Deceased.

Surrogate's Court, New York County, April 15, 1930.

*Amend & Amend* [*Terence J. Mullen* of counsel], for the executrix, appellant.

*Charles A. Curtin*, for the State Tax Commission.

FOLEY, S. This is an appeal by the executrix of the estate of the above-named decedent from the report of the transfer tax appraiser filed herein on December 30, 1929, and the *pro forma* order of the surrogate entered thereon on January 31, 1930, on the following grounds: That various transfers made by the decedent prior to her death were taxed as gifts in contemplation of death; that certain realty taxes on decedent's property for the year 1928 were disallowed as deductions against the estate.

(1) As to the first ground of appeal, the decedent died a resident of New York county on March 16, 1928, and left surviving as her only next of kin her daughter, Dolorita Helen Fitzgerald. Through careful management of her properties, she amassed a fortune of over a million and a half dollars. Between July 31, 1922, and February 23, 1926, the decedent assigned eight mortgages and conveyed two parcels of property to her daughter. On September 23, 1927, the decedent assigned three other mortgages and on March 22, 1927, conveyed four additional parcels of property to her daughter. These last seven transfers to the daughter were made within two years prior to the decedent's death. The entire seventeen transfers were included in the appraiser's report as taxable. The executrix claims that they are exempt from taxation. Under sections 220* and 230† of the Tax Law any transfer of property made by decedent within two years prior to his death without a valid and adequate consideration shall be presumed to have been made in contemplation of death and, therefore, taxable. This presumption, however, is rebuttable. (*Matter of Mills*, 172 App. Div. 530; affd., 219 N. Y. 642; *Matter of Beyer*, 190 App. Div. 802; *Matter of Baird*, 219 id. 418.) From affidavits of neighbors and tradesmen in the vicinity of decedent' shome, and of other persons which were submitted to the appraiser, it appears that decedent was in good physical health and attending to her household duties and the management of her properties up to within a few weeks of her death. From the affidavits of the attending physician and operating surgeon it appears that decedent had no serious illness during the eight years prior to her death. The operation performed immediately prior to her death was for the removal of a cyst in the

* As amd.— [REP.

† Amd. by Laws of 1925, chap. 144, and Laws of 1928, chap. 549.— [REP.

throat. It was not considered exceptionally dangerous except as is naturally attendant upon an operation on a person sixty-three years of age. The decedent died upon the day after the operation. It appears that the daughter assisted the testatrix in the management of her business and the testatrix thought it proper for the daughter to own a substantial amount of property in her own right. The chief reason for the transfers was to effect a substantial reduction in the annual income tax of the decedent both State and Federal. The attorney for the State Tax Commission offers this reason as proof that the transfers were made in contemplation of death. I think quite the contrary is shown. The motives of the donee are immaterial if the transfers are absolute and not made in contemplation of death. The presumption created by the statute is wholly rebutted with respect to each and every transfer and the appeal is sustained.

(2) The second ground of the appeal is overruled. At the time of the death of the decedent on March 16, 1928, the taxes upon real estate in the city of New York were not due and payable. (Greater New York Charter, § 914, as amd. by Laws of 1916, chap. 17.) Under the authorities they did not constitute debts of the decedent and should not have been allowed as deductions by the appraiser. (*Matter of Appell* [*No. 2*], 199 App. Div. 580; affd., 234 N. Y. 600; *Matter of Freund*, 143 App. Div. 335; affd., on opinion below, 202 N. Y. 556; *Matter of Maresi*, 74 App. Div. 76.)

Submit order on notice in accordance with this decision.

