In the Matter of the Estate of CHARLES L. REIERSON, Deceased.

Surrogate's Court, Westchester County, February 18, 1938.

*Powell Crichton* [*Bernard Gordon* and *Bessie Reiser* of counsel], for the executrix.

*Edgar Hirschberg* [*Thomas P. McLaughlin* of counsel], for the State Tax Commission.

MILLARD, S.  It is claimed that the report of the appraiser is erroneous in that it included, in the taxable estate of the decedent, certain real property transferred by him some thirteen months prior to his death.  The State Tax Commission contends that such transfer was made in contemplation of death and, therefore, properly included in the appraisal of the estate for tax purposes.  (Tax Law, § 249-r, subd. 3.)

The decedent, a resident of Yonkers, N. Y., died on March 2, 1937.  On December 16, 1935 he conveyed, by deed, to his wife, Florence T. Reierson, a house, garage and plots 14 and 114 in Lawrence Park West, in the city of Yonkers, county of Westchester, N. Y.  On the same day, by deed, he conveyed plots 12, 18, 112 and 122 in the city of Yonkers, N. Y., to his daughter, Lucille R. Cox.  These properties are contiguous and were occupied by decedent and his wife as a residence.  Their total value is set forth in the schedules as being $55,000.  The plots of land so conveyed to the daughter were simultaneously conveyed by her to her mother, thereby transferring the fee to the entire property conveyed by decedent to Florence T. Reierson, the wife and executrix.

The executrix claims that such transfer was made as an absolute gift and not in any wise in contemplation of death, and that the transfer so made is not subject to tax.

Section 249-r, subdivision 3, of article 10-c of the Tax Law, the law in effect at decedent's death, provides that any transfer of a material part of his property made by the decedent within two years prior to his death, without a valid and adequate consideration shall, " unless shown to the contrary," be deemed to have been made *in contemplation of death*, and, therefore, taxable.  The decisions under the Tax Law in effect prior to September 1, 1930, held that the presumption existing under sections 220 and 230 of that law was rebuttable.  (*Matter of Mills*, 172 App. Div. 530, affd., 219 N. Y. 642; *Matter of Beyer*, 190 App. Div. 802; *Matter of Baird*, 219 id. 418; *Matter of Fitzgerald*, 136 Misc. 690.)  The language, " unless shown to the contrary," contained in subdivision 3 of section 249-r of the Tax Law, specifically authorizes the reception of evidence to rebut the presumption.

In a case construing a similar provision of the Federal Estate Tax Law, the Supreme Court of the United States ( *United States*

v. *Wells*, 283 U. S. 102, at p. 117), Mr. Justice HUGHES writing the opinion, said: " As the transfer may otherwise have all the indicia of a valid gift *inter vivos*, the differentiating factor must be found in the transferor's motive. Death must be ' contemplated ', that is, the motive which induces the transfer must be of the sort which leads to testamentary disposition. As a condition of body or mind that naturally gives rise to the feeling that death is near, that the donor is about to reach the moment of inevitable surrender of ownership, is most likely to prompt such a disposition to those who are deemed to be the proper objects of his bounty, the evidence of the existence or non-existence of such a condition at the time of the gift is obviously of great importance in determining whether it is made in contemplation of death. The natural and reasonable inference which may be drawn from the fact that but a short period intervenes between the transfer and death is recognized by the statutory provision creating a presumption in the case of gifts within two years prior to death. But this presumption, by the statute before us, is expressly stated to be a rebuttable one, and the mere fact that death ensues even shortly after the gift does not determine absolutely that it is in contemplation of death. The question, necessarily, is as to the state of mind of the donor."

Since death occurred within two years after the transfer of these properties, the burden of proof is upon the executrix to demonstrate by competent evidence that such conveyance was not made in contemplation of death. (Tax Law, § 249-r, subd. 3; *Matter of Rich*, 151 Misc. 852, 854.)

Decedent at the time of his death was sixty-four years of age. Affidavits have been submitted upon the hearing before the appraiser and upon this application by his widow, daughter, son-in-law, physician, attorney and secretary, all bearing upon the physical and mental condition of the decedent at or near the time said transfers were made. The court is fully cognizant of the fact that certain of these affiants are interested either directly or indirectly. It appears from the affidavit of Dr. Henry E. McGarvey, who was decedent's personal physician for more than twelve years prior to his death, that the decedent enjoyed good health on and prior to December 16, 1935, and that it was not until some months after the transfer that he became afflicted with the disease from which he eventually died. It further appeais from the affidavits of Powell Crichton, his attorney, and Mildred Snyder Eberle, his secretary, the decedent actively engaged in the game of golf and attended to his business affairs until the spring of 1936, which was some six months subsequent to the transfers in ques-

tion.  It does not appear that the decedent had suffered any serious illness immediately prior to December, 1935, nor has it been affirmatively shown that he knew or had reason to think that he was ill or that his death was imminent.  On the contrary, decedent appears to have been a man of robust health engaging in vigorous exercise and making long and extended trips throughout the country in the course of his business.

The nature of the property conveyed has some bearing upon the inference to be drawn as to decedent's frame of mind.  Was he looking toward death or was he merely fulfilling a long contemplated desire?  Certainly there is nothing unusual about the transfer of title to a residence by a man to his wife.  In fact, this is quite an ordinary procedure.  It appears from the affidavits submitted that decedent had, on various occasions, expressed the desire that his wife own their residence.  His attorney positively states in his affidavit that he had advised decedent that he might escape a gift tax by conveying the lots immediately adjoining the residence to his daughter.  In view of the fact that these lots were immediately conveyed by the daughter to her mother, would seem to corroborate his statement.  The widow states in her affidavit that decedent always considered their residence as belonging to her, and frequently expressed the intention of transferring legal title so as to complete the gift.  It further appears that decedent was operating in the stock market and was, therefore, desirous of divesting himself of title to the residence so as to put the property beyond the reach of creditors.

By reason of all the facts outlined, I hold that the presumption created by the statute is wholly rebutted by the evidence with respect to the conveyance of the real property to Florence T. Reirerson and Lucille R. Cox, and that the transfer was not made in contemplation of death.  The appeal is, therefore, sustained. ( *United States* v. *Wells, supra; Matter of Seaich,* 136 Misc. 201.)

Submit order modifying *pro forma* order accordingly.